**IN THE CIRCUIT COURT OF CHARITON COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| **SHAUN PHAN, Individually, as Next Friend** | ) |
| **of A**$^{5.2(a)(3)}$ **P**$^{5.2(a)(3)}$**, and as Class I Beneficiary** | ) |
| **of Decedent, BINH PHAN;** | ) |
| | ) |
| **NGOC PHAM, Individually;** | ) |
| | ) |
| **A**$^{5.2(a)(3)}$ **P**$^{5.2(a)(3)}$**, a Minor, by a through** | ) |
| **her Natural Father and Next Friend,** | ) |
| **SHAUN PHAN;** | ) |
| | ) |
| **VUI NGUYEN, Individually and as Class I** | ) |
| **Beneficiary of Decedent, BINH PHAN;** | ) |
| | ) |
| **SONG PHAN, as Class I Beneficiary** | ) |
| **of Decedent, BINH PHAN;** | ) |
| | ) |
| **THI PHAN, as Class I Beneficiary** | ) |
| **of Decedent, BINH PHAN;** | ) |
| | ) |
| **BANG PHAN, as Class I Beneficiary** | ) |
| **of Decedent, BINH PHAN;** | ) |
| | ) |
| **DUNG PHAM, Individually;** | ) |
| | ) |
| **NGOAN PHAM, Individually;** | ) |
| | ) |
| **VY PHAM, Individually;** | ) |
| | ) |
| **THINH MAI, Individually and as Next Friend** | ) |
| **of A**$^{5.2(a)(3)}$ **M**$^{5.2(a)(3)}$ **and A**$^{5.2(a)(3)}$ **M**$^{5.2(a)(3)}$**;** | ) |
| | ) |
| **A**$^{5.2(a)(3)}$ **M**$^{5.2(a)(3)}$**, a Minor, by and through** | ) |
| **Her Natural Father and Next Friend,** | ) |
| **THINH MAI;** | ) |
| | ) |
| **A**$^{5.2(a)(3)}$ **M**$^{5.2(a)(3)}$ **a Minor, by and through** | ) |
| **Her Natural Father and Next Friend,** | ) |
| **THINH MAI; and** | ) |
| | ) |
| **THANH LE, Individually;** | ) |
| | ) |
|       **Plaintiffs,** | ) |
| | ) |



**EXHIBIT**

1

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

| | |
|---|---|
| **v.**                                              ) | |
| )                                                     | |
| **BNSF RAILWAY COMPANY**                             ) | |
| **Serve :**     **Jeffery W. Laney**                ) | |
| **2135 E. Sunshine, Ste. 203**                      ) | |
| **Springfield, MO 65804**                           ) | |
| )                                                     | **Case No. 22CH-CC00022** |
| )                                                     | **JURY TRIAL DEMANDED** |
| **MS CONTRACTING, LLC**                             ) | |
| **Serve:**      **Michael Sattman**                 ) | |
| **25851 Highway M**                                 ) | |
| **Brookfield, MO 64628 and**                        ) | |
| )                                                     | |
| **Tiffannie M. Kennedy, as Defendant *Ad***         ) | |
| ***Litem* for Decedent, BILLY DEAN BARTON, II**     ) | |
| **Serve:**      **Tiffannie M. Kennedy**            ) | |
| **3770 Broadway Blvd.**                             ) | |
| **Kansas City, MO 64111,**                          ) | |
| )                                                     | |
| **Defendants.**                                     ) | |

## FIRST AMENDED PETITION FOR DAMAGES

Plaintiffs state as follows for their First Amended Petition for Damages against Defendants BNSF Railway Company, MS Contracting, LLC, and Tiffannie M. Kennedy, as Defendant *Ad Litem* for Decedent Billy Dean Barton, II.

## NATURE OF THE CASE AND PARTIES

1. This case involves a devastating railroad crossing collision and Amtrak passenger train derailment that occurred on June 27, 2022, near Mendon in Chariton County, Missouri, when a dump truck operated by Billy Dean Barton, II, an employee or agent of MS Contracting, LLC, collided with the train at the crossing.

2. Plaintiff Shaun Phan is an individual who resides in Kansas City, Missouri. At all relevant times, he was the natural father and Next Friend of minor, A[5.2(a)(3) 5.2(a)(3)]. At all relevant times, Shaun Phan was the son of Decedent Binh Phan and a proper

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

party to maintain an action for his wrongful death under Section 537.080.1(1), RSMo.

3. Plaintiff Ngoc Pham is an individual who resides in Kansas City, Missouri.

4. Plaintiff A[5.2(a)(3)] P[5.2(a)(3)] is an individual minor who resides in Kansas City, Missouri. Plaintiff Shaun Phan is her natural father and the proper person to be appointed as her Next Friend.

5. Plaintiff Vui Nguyen is an individual who resides in Kansas City, Missouri. At all relevant times, she was the spouse of Decedent Binh Phan and a proper party to maintain an action for his wrongful death under Section 537.080.1(1), RSMo.

6. Plaintiff Song Phan is an individual who resides in Cypress, Texas. At all relevant times, she was the daughter of Decedent Binh Phan and a proper party to maintain an action for his wrongful death under Section 537.080.1(1), RSMo.

7. Plaintiff Thi Phan is an individual who resides in Cypress, Texas. At all relevant times, she was the daughter of Decedent Binh Phan and a proper party to maintain an action for his wrongful death under Section 537.080.1(1), RSMo.

8. Plaintiff Bang Phan is an individual who resides in Katy, Texas. At all relevant times, he was the son of Decedent Binh Phan and a proper party to maintain an action for his wrongful death under Section 537.080.1(1), RSMo.

9. Plaintiff Dung Pham is an individual who resides in Kansas City, Missouri.

10. Plaintiff Ngoan Pham is an individual who resides in Kansas City, Missouri.

11. Plaintiff Vy Pham is an individual who resides in Kansas City, Missouri.

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

12. Plaintiff Thinh Mai is an individual who resides in Kansas City, Missouri. At all relevant times, he was the natural father and Next Friend of minors, $A^{5.2(a)(3)} M^{5.2(a)}$ and $A^{5.2(a)(3)} M^{5.2(a)(3}$

13. Plaintiff $A^{5.2(a)(3)} M^{5.2(a)}$ is an individual minor who resides in Kansas City, Missouri. Plaintiff Thinh Mai is her natural father and the proper person to be appointed as her Next Friend.

14. Plaintiff $A^{5.2(a)(3)} M^{5.2(a)}$ is an individual minor who resides in Kansas City, Missouri. Plaintiff Thinh Mai is his natural father and the proper person to be appointed as his Next Friend.

15. Plaintiff Thanh Le is an individual who resides in Kansas City, Missouri.

16. Defendant BNSF Railway ("BNSF") is a foreign, for-profit corporation with its principal place of business at 2650 Lou Menk Drive in Fort Worth, Texas. Defendant BNSF may be served with process through its registered agent for service, Jeffery W. Laney, 2135 E. Sunshine, Suite 203, Springfield, Missouri 65804.

17. Defendant BNSF regularly conducts business in the State of Missouri by operating a railway system and transporting freight by railroad in interstate commerce. Specifically, Defendant BNSF transacts business in Chariton County, Missouri, owning, controlling, maintaining, and operating a railway and crossings running into and through Chariton County, Missouri.

18. Defendant MS Contracting, LLC ("MS") is a Missouri limited liability company with its principal place of business in Brookfield, Linn County, Missouri. Defendant MS

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

may be served with process through its registered agent for service, Michael E. Sattman, 25851 Highway M, Brookfield, Missouri 64628.

19. Decedent Billy Dean Barton, II ("Decedent Barton") was the dump truck driver from Brookfield, Missouri who collided with Amtrak Southwest Chief Train 4 on June 27, 2022. Decedent Barton was killed in the collision.

20. Upon information and belief, Decedent Barton was an employee, agent, or servant of Defendant MS at all relevant times and was acting within the course and scope of his employment or agency for Defendant MS at the time of the collision with and derailment of Amtrak Southwest Chief Train 4 on June 27, 2022.

21. Defendant Tiffannie M. Kennedy is an individual over the age of eighteen and an attorney licensed to practice law in the State of Missouri. Defendant Kennedy is a person qualified to act as Decedent Barton's Defendant *Ad Litem*. Accordingly, and for purposes of this action, Plaintiffs have separately moved this Court to appoint Defendant Kennedy as a qualified Defendant *Ad Litem* to serve and act as a named party defendant in the capacity of legal representative of Decedent Barton under Section 537.021, RSMo.

## JURISDICTION AND VENUE

22. Jurisdiction is proper in this Court under Section 506.500, RSMo., because Defendants committed tortious acts within the State of Missouri and transacted business within the State of Missouri.

23. Venue is proper in this Court under Sections 508.010.4 and 508.010.11, RSMo. because Plaintiffs and Decedent Binh Phan were first injured as a result of the wrongful acts and negligent conduct of Defendants in Chariton County, Missouri.

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

**FACTS COMMON TO ALL COUNTS**

24. On June 27, 2022, Decedent Barton was driving a 2007 Kenworth dump truck with VIN # 1NKWXBEX97J177480 ("Dump Truck") and owned by Defendant MS, while in the course and scope of his employment or agency for Defendant MS.

25. While driving the loaded Dump Truck northbound on Porche Prairie Avenue/County Road 113 near Mendon, in Chariton County, Missouri, Defendant Barton attempted to traverse a railroad crossing identified as United States Department of Transportation Crossing No. 005284Y ("Railroad Crossing").

26. At or near the same time, the Amtrak Southwest Chief was approaching the Railroad Crossing from the west. Plaintiffs' Decedent Binh Phan and Plaintiffs Vui Nguyen, Shaun Phan, Ngoc Pham, $A^{5.2(a)(3)}$ $P^{5.2(a)(3)}$, Dung Pham, Ngoan Pham, Thanh Le, Vy Pham, Thinh Mai, $A^{5.2(a)(3)}$ $M^{5.2(a)}$, and $A^{5.2(a)(3)}$ $M^{5.2(a)}$ were passengers aboard Amtrak Southwest Chief Train 4 as the Amtrak train approached the Railroad Crossing.

27. While Decedent Barton drove the Dump Truck over the Railroad Crossing on June 27, 2022, the Amtrak train collided with the Dump Truck at that crossing, resulting in Decedent Barton's death and the derailment of Train 4.

28. As a result of the collision and subsequent derailment, Plaintiffs Vui Nguyen, Shaun Phan, Ngoc Pham, $A^{5.2(a)(3)}$ $P^{5.2(a)(3)}$, Dung Pham, Ngoan Pham, Thanh Le, Vy Pham, Thinh Mai, $Ad^{5.2(a)(3)}M^{5.2(a)(3}$ and $A^{5.2(a)(3)}$ $M^{5.2(a)}$ sustained personal injuries on the train, and Plaintiffs' Decedent Binh Phan died.

29. Defendant BNSF owns and maintains the tracks, the Railroad Crossing, and right-of-way on either side of the railroad tracks. Defendant BNSF has a duty to keep

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

the tracks, Railroad Crossing, and right-of-way on either side of the tracks reasonably safe for the public.

30. The Railroad Crossing is a passive crossing, meaning that it does not have any active warning measures or devices such as automatic flashing lights or gate arms to alert approaching drivers that a train is approaching the crossing.

31. At all relevant times, the Railroad Crossing and right-of-way has had a large hump and steep grade approaching the Railroad Crossing, making it difficult for motorists to cross. Defendant BNSF breached industry standards pertaining to the vertical profile of the Railroad Crossing.

32. At all relevant times, the Railroad Crossing has been situated on a skewed angle to the road, making it difficult for motorists to see down the tracks while trying to cross them.

33. At all relevant times the Railroad Crossing surface, including the surface between the tracks, was rough, uneven, and poorly maintained, and visual obstructions such as vegetation existed on the right-of-way, further making it difficult for motorists to cross.

34. Upon information and belief, members of the public, including local residents and farmers, complained about the dangerous conditions of the Railroad Crossing to Defendant BNSF and others before the June 27, 2022 collision and derailment. For several years before the June 27, 2022 collision and derailment, members of the public commented and complained to Defendant BNSF specifically about visual obstructions and dangerous characteristics of the Railroad Crossing, including comments and complaints about poor maintenance, the steep grade, the

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

skewed angle, the roadway drop-offs, inadequate sight distances, and the speed of trains going through the Railroad Crossing. They also warned that accidents would occur at this location if Defendant BNSF failed to remedy the dangerous conditions of the Railroad Crossing. Accordingly, Defendant BNSF had actual and constructive notice of the dangerous conditions involving the Railroad Crossing well before June 27, 2022.

35. On July 1, 2021, Defendant BNSF received actual notice the Railroad Crossing required the installation of lights and gates for public safety, including the safety of members of the public who cross the Railroad Crossing by motor vehicle or train. Indeed, Defendant BNSF was aware years before July 1, 2021, of the dangerous conditions that required the installation of such lights and gates for safety. Defendant BNSF could have used its own funds to install lights and gates at the Railroad Crossing but instead let the Railroad Crossing remain unprotected while it waited for the government to pay for these installations.

## COUNT I – WRONGFUL DEATH OF DECEDENT BINH PHAN
*(Plaintiffs Vui Nguyen, Shaun Phan, Song Phan, Thi Phan, and Bang Phan v. Defendants MS Contracting, LLC and Decedent Barton)*

36. Plaintiffs incorporate by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

37. At all relevant times, Decedent Barton, individually, and Defendant MS, by and through its servants, employees and/or agents, actual or ostensible, had a duty to possess and use the highest degree of care that a very careful and prudent person would use under the same or similar circumstances while operating a commercial motor vehicle, and Defendants had a duty to follow the "rules of the road."

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

38. At all relevant times, Defendant MS had a duty to exercise reasonable care in the hiring, retention, entrustment, training, and supervision of its drivers, including Decedent Barton.

39. Defendant MS and Decedent Barton breached their duties and committed the following acts of negligence and carelessness by failing to meet the requisite standards of due care, skill, and practice as required by members of their profession, as follows:

a. Failing to operate the Dump Truck with reasonable care and safety;

b. Failing to keep a careful and proper lookout for oncoming trains and other hazards;

c. Failing to make sure that the Dump Truck would clear the Railroad Crossing before the train arrived;

d. Failing to yield the right of way to an oncoming train;

e. Failing to take evasive action;

f. Failing to maintain proper control of the Dump Truck;

g. Failing to observe, hear, or heed audible signals indicating the Amtrak train was approaching the Railroad Crossing, including the blowing of the train's horn;

h. Failing to follow the rules of the road;

i. Negligently hiring and retaining Decedent Barton;

j. Failing to adequately and properly train and supervise Decedent Barton;

k. Entrusting Decedent Barton to operate the Dump Truck and/or entrusting United States Department of Transportation authority to a driver whom

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

Defendant MS knew or should have known was unqualified by training and experience;

l.  Failing to adequately test Decedent Barton to ensure his competence;

m. Failing to have an adequate fleet and driver safety program;

n.  Violating Missouri statutes, including Section 300.140 RSMo. (obedience to traffic control devices); Section 300.295 RSMo. (obedience to signal indicating approach of train), and others constituting negligence *per se*; and

o.  Such other wrongful acts and negligence as may be disclosed through discovery.

40. As a direct and proximate result of Defendants MS and Barton's wrongful acts and negligent conduct, Decedent Binh Phan died.

41. Plaintiffs have been deprived of the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of Decedent Binh Phan by reason of such death, further including past and future lost income, household services, and the value of benefits which would have been provided by Decedent Binh Phan. As a further direct and proximate result of the acts of omissions of Defendants, Plaintiffs have incurred pecuniary damages, including funeral expenses.

42. Further, Defendants' conduct caused Decedent Binh Phan to suffer conscious pain, suffering, and loss of life.

43. Accordingly, Plaintiffs are entitled to recover fair and reasonable damages against Defendants MS and Barton, and each of them, as provided for in Section 537.090,

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

RSMo, for the wrongful injuries to and the wrongful death of Decedent Binh Phan, including special damages for his funeral and burial.

44. From the beginning of the collision and derailment described above until his untimely death, Decedent Binh Phan suffered physical and mental pain which is an item of damage to be considered and awarded.

WHEREFORE, Plaintiffs respectfully request judgment against Defendants MS Contracting, LLC and Decedent Barton for such damages as are fair and reasonable, for prejudgment interest, together with any and all costs and expenses incurred and for such further relief as this Court may deem just and proper.

### COUNT II – WRONGFUL DEATH OF DECEDENT BINH PHAN
(*Plaintiffs Vui Nguyen, Shaun Phan, Song Phan, Thi Phan, and Bang Phan v. Defendant BNSF Railway Company*)

45. Plaintiffs incorporate by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

46. Under the doctrines of vicarious liability/*respondeat superior*, Defendant BNSF is responsible and liable at all relevant times for the action or inactions of its employees and agents who were acting within the course and scope of their employment with Defendant BNSF, including those employees and agents who allowed or created the dangerous conditions at the Railroad Crossing.

47. Defendant BNSF owes the public, including those who travel through the Railroad Crossing by motor vehicle or passenger train, a duty of reasonable care.

48. Defendant BNSF has a duty to construct and maintain the Railroad Crossing and its right-of-way, including the relevant roadway approaches to the Railroad Crossing, in a reasonably safe condition.

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

49. Defendant BNSF has a duty to exercise reasonable care to protect persons using the Railroad Crossing if and when it becomes aware that the Railroad Crossing is dangerous.

50. Defendant BNSF has a duty to use reasonable care to install and maintain adequate and functioning warning devices at the Railroad Crossing.

51. Defendant BNSF had a duty to maintain and clear its right-of-way at the Railroad Crossing of vegetation, undergrowth, or other debris under both the common law and Section 389.665, RSMo.

52. Defendant BNSF regularly maintained and worked on the Railroad Crossing, giving it actual and constructive knowledge of the dangerous characteristics and conditions of the Railroad Crossing.

53. Defendant BNSF knew, or should have known, of the dangerous and defective conditions at the Railroad Crossing in sufficient time before the June 27, 2022, collision and derailment to take necessary steps to protect against the dangerous and defective conditions of the Railroad Crossing.

54. Defendant BNSF knew or should have known that the Railroad Crossing was dangerous for motorists approaching from either direction, as well as for passengers on trains traveling either direction on the tracks.

55. Before the June 27, 2022, collision and derailment, Defendant BNSF was aware of previous train collisions involving trucks and other large vehicles that had difficulty crossing its railroad crossings.

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

56. Defendant BNSF knew that passengers on trains would be traveling through the Railroad Crossing and knew the speed of Amtrak passenger trains traveling through the Railroad Crossing could be up to ninety (90) miles per hour.

57. Defendant BNSF has a duty to inspect the Railroad Crossing and its right-of-way multiple times every week.

58. Defendant BNSF's employees travel over this BNSF Crossing multiple times each day.

59. Defendant BNSF has a duty to maintain the Railroad Crossing and its right-of-way consistent and in compliance with Missouri law, industry standards, and BNSF's own rules.

60. Defendant BNSF failed to properly inspect and maintain the Railroad Crossing as required in that it allowed several dangerous conditions to exist, including but not limited to, limited sight distance, steep humped crossing, severe angle that made it difficult to see an approaching train, steep grade that did not comply with industry standards, rough and unstable crossing surface, and rough and uneven crossing approach.

61. Defendant BNSF breached the duties established under law, its own rules and standards, and railroad industry standards, by engaging in the following negligent acts and/or omissions:

   a. The Railroad Crossing was unusually hazardous because it did not afford motorists adequate sight distance to observe trains approaching the Railroad Crossing;

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

b.  Defendant BNSF knew or should have known that the Railroad Crossing did not give motorists adequate sight distance to observe approaching trains;

c.  Defendant BNSF knew that passengers on trains would be traveling across the Railroad Crossing at speeds up to ninety (90) miles per hour and failed to maintain the Railroad Crossing in a reasonably safe condition;

d.  Defendant BNSF failed to maintain the Railroad Crossing and its right-of-way in a safe and reasonable condition;

e.  Defendant BNSF failed to construct the Railroad Crossing in a safe and reasonable manner so as to avoid injuring the public, including members of the public traveling through the Railroad Crossing by motor vehicle or passenger train;

f.  Defendant BNSF failed to keep the Railroad Crossing and its right-of-way clear of brush, trees, vegetation, debris, and other visual obstructions that impeded the visibility of approaching trains and motor vehicles;

g.  Defendant BNSF failed to trim vegetation to address the severe angle of the Railroad Crossing that made it difficult for motorists to see an oncoming train;

h.  Defendant BNSF failed to regularly maintain and inspect the railroad tracks and right-of-way at and around the Railroad Crossing and remedy dangerous conditions present at and around the Railroad Crossing;

i.  Defendant BNSF failed to adequately train its employees to inspect and maintain the Railroad Crossing and right-of-way in accordance with Missouri law, industry standards, and BNSF's own rules, and/or to correct or act upon

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

the dangerous conditions that were present at and around the Railroad Crossing;

j.  Defendant BNSF failed to adequately inspect and maintain the Railroad Crossing, including the track, margins of the track, crossing surface, and roadways within BNSF's right-of-way as required by R.S.Mo. § 389.610, industry standards, and BNSF's own rules;

k.  Defendant BNSF failed to warn motorists and train passengers of the dangerous characteristics and conditions of the Railroad Crossing, including the obstructed sight lines, steep vertical grade, the severe angle, and the rough crossing surface;

l.  Defendant BNSF failed to maintain the approach to the Railroad Crossing because it created and allowed a steep vertical hill to exist on each side of the BNSF Crossing in violation of Missouri law and industry standards and guidelines;

m.  Defendant BNSF failed to ensure the warning devices then existing at the Railroad Crossing were installed and functioning;

n.  Defendant BNSF failed to evaluate the adequacy of the existing warning devices at the Railroad Crossing;

o.  Defendant BNSF failed upgrade the warning devices at the Railroad Crossing even though it knew or should have known that the warning devices installed at the Railroad Crossing were inadequate;

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

p.  Defendant BNSF failed to timely install and/or implement necessary crossing safety improvements, including the "light and gates and roadway improvements" identified as necessary for the Railroad Crossing;

q.  Defendant BNSF failed to erect and maintain suitable warning devices at the Railroad Crossing;

r.  Defendant BNSF failed to construct and maintain the Railroad Crossing, including the portion of its track and right of way over which any public highway may run, unobstructed in a good condition for the use of the public;

s.  The dangerous conditions at the Railroad Crossing created a local safety hazard and BNSF failed to issue a slow order due to the essential local safety hazards at the Railroad Crossing, even after receiving complaints by citizens and recommendations for necessary crossing safety improvements identified for this Crossing by the Missouri Department of Transportation ("MoDOT") in July 2021 and February 2022;

t.  Despite knowledge that high-speed Amtrak trains carrying passengers traveled through the Railroad Crossing, Defendant BNSF failed to install track sensing devices to warn train crews of vehicles and obstructions at the Railroad Crossing;

u.  Defendant BNSF maintained an unreasonably dangerous crossing, given the combination of known hazards, including the high track speed limit, steep vertical grade, loose gravel, angle of intersection, visual obstructions, and limited sight distance present at the Railroad Crossing and right-of-way;

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

    v.  Defendant BNSF failed to properly maintain the Railroad Crossing by allowing loose gravel to accumulate on the Railroad Crossing and right-of-way, thereby slowing approaching vehicles as they traveled through the Railroad Crossing;

    w.  If a northbound truck stops at the crossbuck south of the Railroad Crossing, it is very difficult to move the truck forward over this Railroad Crossing in a timely manner because of the steep vertical grade, which breached industry standards, the loose gravel, the uneven surface, and the angle of the tracks to the road, all of which created a dangerous condition;

    x.  Such other wrongful acts and negligence as may be disclosed through discovery.

62. As a direct and proximate result of Defendant BNSF's wrongful acts and negligent conduct, Decedent Binh Phan died.

63. Plaintiffs have been deprived of the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of Decedent Binh Phan by reason of such death, further including past and future lost income, household services, and the value of benefits which would have been provided by Decedent Binh Phan. As a further direct and proximate result of the acts of omissions of Defendant BNSF, Plaintiffs have incurred pecuniary damages, including funeral expenses.

64. Further, Defendant BNSF's conduct caused Decedent Binh Phan to suffer conscious pain, suffering, and loss of life.

65. Accordingly, Plaintiffs are entitled to recover fair and reasonable damages against Defendant BNSF, as provided for in Section 537.090, RSMo, for the wrongful

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

injuries to and the wrongful death of Decedent Binh Phan, including special damages for his funeral and burial.

66. From the beginning of the collision and derailment described above until his untimely death, Decedent Binh Phan suffered physical and mental pain which is an item of damage to be considered and awarded.

WHEREFORE, Plaintiffs respectfully request judgment against Defendant BNSF Railway Company for such damages as are fair and reasonable, for prejudgment interest, together with any and all costs and expenses incurred and for such further relief as this Court may deem just and proper.

### COUNT III – NEGLIGENCE
(*Plaintiffs Vui Nguyen, Shaun Phan, Ngoc Pham, A[5.2(a)(3)] F[5.2(a)(3)], Dung Pham, Ngoan Pham, Thanh Le, Vy Pham, Thinh Mai, A[5.2(a)(3)] M[5.2(a)], and A[5.2(a)(3)] M[5.2(a)] v. Defendants MS Contracting, LLC and Decedent Barton*)

67. Plaintiffs incorporate by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

68. At all relevant times, Decedent Barton, individually, and Defendant MS, by and through its servants, employees and/or agents, actual or ostensible, had a duty to possess and use the highest degree of care that a very careful and prudent person would use under the same or similar circumstances while operating a commercial motor vehicle, and Defendants had a duty to follow the "rules of the road."

69. At all relevant times, Defendant MS had a duty to exercise reasonable care in the hiring, retention, entrustment, training, and supervision of its drivers, including Decedent Barton.

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

70. Defendants breached their duties and committed the following acts of negligence and carelessness by failing to meet the requisite standards of due care, skill and practice as required by members of their profession, as follows:

   a.  Failing to operate the Dump Truck with reasonable care and safety;

   b.  Failing to keep a careful and proper lookout for oncoming trains and other hazards;

   c.  Failing to make sure that the Dump Truck would clear the Railroad Crossing before the train arrived;

   d.  Failing to yield the right of way to an oncoming train;

   e.  Failing to take evasive action;

   f.  Failing to maintain proper control of the Dump Truck;

   g.  Failing to observe, hear, or heed audible signals indicating the Amtrak train was approaching the Railroad Crossing, including the blowing of the train's horn;

   h.  Failing to follow the rules of the road;

   i.  Negligently hiring and retaining Decedent Barton;

   j.  Failing to adequately and properly train and supervise Decedent Barton;

   k.  Entrusting Decedent Barton to operate the Dump Truck and/or entrusting United States Department of Transportation authority to a driver whom Defendant MS knew or should have known was unqualified by training and experience;

   l.  Failing to adequately test Decedent Barton to ensure his competence;

   m. Failing to have an adequate fleet and driver safety program;

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

n.  Violating Missouri statutes, including Section 300.140 RSMo. (obedience to traffic control devices); Section 300.295 RSMo. (obedience to signal indicating approach of train); and others constituting negligence *per se*; and

o.  Such other wrongful acts and negligence as may be disclosed through discovery.

71. As a direct and proximate result of Defendants' wrongful acts and negligent conduct, Plaintiffs were thrown violently about Train 4 during the collision and subsequent derailment and have sustained personal injuries, pain and suffering, emotional distress, and damages.

WHEREFORE, Plaintiffs respectfully request judgment against Defendants MS Contracting, LLC and Decedent Barton for such damages as are fair and reasonable, for prejudgment interest, together with any and all costs and expenses incurred and for such further relief as this Court may deem just and proper.

### COUNT IV – NEGLIGENCE
(*Plaintiffs Vui Nguyen, Shaun Phan, Ngoc Pham, A$^{5.2(a)(3)}$F$^{5.2(a)(3)}$, Dung Pham, Ngoan Pham, Thanh Le, Vy Pham, Thinh Mai, Ad$^{5.2(a)(3)}$M$^{5.2(a)(3)}$ and A$^{5.2(a)(3)}$ M$^{5.2(a)}$ v. Defendant BNSF Railway Company*)

72. Plaintiffs incorporate by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

73. Under the doctrines of vicarious liability/*respondeat superior*, Defendant BNSF is responsible and liable at all relevant times for the action or inactions of its employees and agents who were acting within the course and scope of their employment with Defendant BNSF, including those employees and agents who allowed or created the dangerous conditions at the Railroad Crossing.

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

74. Defendant BNSF owes the public, including those who travel through the Railroad Crossing by motor vehicle or passenger train, a duty of reasonable care.

75. Defendant BNSF has a duty to construct and maintain the Railroad Crossing and its right-of-way, including the relevant roadway approaches to the Crossing, in a reasonably safe condition.

76. Defendant BNSF has a duty to exercise reasonable care to protect persons using the Railroad Crossing if it becomes aware that the Railroad Crossing is dangerous.

77. Defendant BNSF has a duty to use reasonable care to install and maintain adequate and functioning warning devices at the Railroad Crossing.

78. Defendant BNSF had a duty to maintain and clear its right-of-way at the Railroad Crossing of vegetation, undergrowth, or other debris under both the common law and Section 389.665, RSMo.

79. Defendant BNSF regularly maintained and worked on the Railroad Crossing, giving it knowledge of the dangerous characteristics and conditions of the Railroad Crossing.

80. Defendant BNSF knew, or should have known, of the dangerous and defective conditions at the Railroad Crossing in sufficient time before the June 27, 2022, collision and derailment to take necessary steps to protect against the dangerous and defective conditions of the Railroad Crossing.

81. Defendant BNSF knew or should have known that the Railroad Crossing was dangerous for motorists approaching from either direction as well as for passengers on trains traveling either direction on the tracks.

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

82. Before the June 27, 2022, collision and derailment, Defendant BNSF was aware of previous train collisions involving trucks and other large vehicles that had difficulty crossing its railroad crossings.

83. Defendant BNSF knew that passengers on trains would be traveling through the Railroad Crossing and knew the speed of Amtrak passenger trains traveling through the Railroad Crossing could be up to ninety (90) miles per hour.

84. Defendant BNSF has a duty to inspect the Railroad Crossing and its right-of-way multiple times every week.

85. Defendant BNSF's employees travel over this BNSF Crossing multiple times each day.

86. Defendant BNSF has a duty to maintain the Railroad Crossing and its right-of-way consistent and in compliance with Missouri law, industry standards, and BNSF's own rules.

87. Defendant BNSF failed to properly inspect and maintain the Railroad Crossing as required in that it allowed several dangerous conditions to exist, including but not limited to, limited sight distance, steep humped crossing, severe angle that made it difficult to see an approaching train, steep grade that did not comply with industry standards, rough and unstable crossing surface, and rough and uneven crossing approach.

88. Defendant BNSF breached the duties established under law, its own rules and standards, and railroad industry standards, by engaging in the following negligent acts and/or omissions:

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

a. The Railroad Crossing was unusually hazardous because it did not afford motorists adequate sight distance to observe trains approaching the Railroad Crossing;

b. Defendant BNSF knew or should have known that the Railroad Crossing did not give motorists adequate sight distance to observe approaching trains;

c. Defendant BNSF knew that passengers on trains would be traveling across the Railroad Crossing at speeds up to ninety (90) miles per hour and failed to maintain the Railroad Crossing in a reasonably safe condition;

d. Defendant BNSF failed to maintain the Railroad Crossing and its right-of-way in a safe and reasonable condition;

e. Defendant BNSF failed to construct the Railroad Crossing in a safe and reasonable manner so as to avoid injuring the public, including members of the public traveling through the Railroad Crossing by motor vehicle or passenger train;

f. Defendant BNSF failed to keep the Railroad Crossing and its right-of-way clear of brush, trees, vegetation, debris, and other visual obstructions that impeded the visibility of approaching trains and motor vehicles;

g. Defendant BNSF failed to trim vegetation to address the severe angle of the Railroad Crossing that made it difficult for motorists to see an oncoming train;

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

h.  Defendant BNSF failed to regularly maintain and inspect the railroad tracks and right-of-way at and around the Railroad Crossing and remedy dangerous conditions present at and around the Railroad Crossing;

i.  Defendant BNSF failed to adequately train its employees to inspect and maintain the Railroad Crossing and right-of-way in accordance with Missouri law, industry standards, and BNSF's own rules, and/or to correct or act upon the dangerous conditions that were present at and around the Railroad Crossing;

j.  Defendant BNSF failed to adequately inspect and maintain the Railroad Crossing, including the track, margins of the track, crossing surface, and roadways within BNSF's right-of-way as required by Section 389.610, RSMo. industry standards, and BNSF's own rules;

k.  Defendant BNSF failed to warn motorists and train passengers of the dangerous characteristics and conditions of the Railroad Crossing, including the obstructed sight lines, steep vertical grade, the severe angle, and the rough crossing surface;

l.  Defendant BNSF failed to maintain the approach to the Railroad Crossing because it created and allowed a steep vertical hill to exist on each side of the BNSF Crossing in violation of Missouri law and industry standards and guidelines;

m. Defendant BNSF failed to ensure the warning devices then existing at the Railroad Crossing were installed and functioning;

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

n.  Defendant BNSF failed to evaluate the adequacy of the existing warning devices at the Railroad Crossing;

o.  Defendant BNSF failed upgrade the warning devices at the Railroad Crossing even though it knew or should have known that the warning devices installed at the Railroad Crossing were inadequate;

p.  Defendant BNSF failed to timely install and/or implement necessary crossing safety improvements, including the "light and gates and roadway improvements" identified as necessary for the Railroad Crossing;

q.  Defendant BNSF failed to erect and maintain suitable warning devices at the Railroad Crossing;

r.  Defendant BNSF failed to construct and maintain the Railroad Crossing, including the portion of its track and right of way over which any public highway may run, unobstructed in a good condition for the use of the public;

s.  The dangerous conditions at the Railroad Crossing created a local safety hazard and BNSF failed to issue a slow order due to the essential local safety hazards at the Railroad Crossing, even after receiving complaints by citizens and recommendations for necessary crossing safety improvements identified for this Crossing by the Missouri Department of Transportation ("MoDOT") in July 2021 and February 2022;

t.   Despite knowledge that high-speed Amtrak trains carrying passengers traveled through the Railroad Crossing, Defendant BNSF failed to install track sensing devices to warn train crews of vehicles and obstructions at the Railroad Crossing;

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

   u.  Defendant BNSF maintained an unreasonably dangerous crossing, given the combination of known hazards, including the high track speed limit, steep vertical grade, loose gravel, angle of intersection, visual obstructions, and limited sight distance present at the Railroad Crossing and right-of-way;

   v.  Defendant BNSF failed to properly maintain the Railroad Crossing by allowing loose gravel to accumulate on the Railroad Crossing and right-of-way, thereby slowing approaching vehicles as they traveled through the Railroad Crossing;

   w.  If a northbound truck stops at the crossbuck south of the Railroad Crossing, it is very difficult to move the truck forward over this Railroad Crossing in a timely manner because of the steep vertical grade, which breached industry standards, the loose gravel, the uneven surface, and the angle of the tracks to the road, all of which created a dangerous condition;

   x.  Such other wrongful acts and negligence as may be disclosed through discovery.

89. As a direct and proximate result of Defendant BNSF's wrongful acts and negligent conduct, Plaintiffs were thrown violently about Train 4 during the collision and subsequent derailment and have sustained personal injuries, pain and suffering, emotional distress, and damages.

WHEREFORE, Plaintiffs respectfully request judgment against Defendant BNSF for such damages as are fair and reasonable, for prejudgment interest, together with any and all costs and expenses incurred and for such further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a jury trial on all issues in this case.

Respectfully submitted,

**WENDT LAW FIRM, P.C.**

*/s/ Samuel M. Wendt*
Samuel M. Wendt    MO# 53573
Nick Hillyard         MO# 57538
4717 Grand Ave., Suite 130
Kansas City, MO 64112
Phone:        (816) 531-4415
Fax:           (816) 531-2507
E-mail:       sam@wendtlaw.com
                  nick@wendtlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of August, the foregoing was filed with the circuit court via Missouri Case.Net which provided service to all parties requesting notice of the same:

Mark D. Chunning
Todd C. Barrett
Clinton S. Turley
Bailey M. Schamel
McCausland Barrett & Bartalos, P.C.
9233 Ward Parkway, Ste. 270
Kansas City, MO  64114
(816) 523-3000
(816) 523-1588
mchunning@mbblawfirmkc.com
tbarrett@mbblawfirmkc.com
cturley@mbblawfirmkc.com
bschamel@mbblawfirmkc.com

and

Peter G. Collins
J. Philip Davidson
Hinkle Law Firm

Electronically Filed - Chariton - August 26, 2022 - 03:27 PM

8711 Penrose Lane, Ste. 400
Lenexa, KS 66219
(913 345-9205
pdavidson@hinklaw.com
pcollins@hinklaw.com
**ATTORNEYS FOR DEFENDANT**
**MS CONTRACTING, LLC**

Tiffannie M. Kennedy
3770 Broadway Blvd.
Kansas City, MO  64111
**DEFENDANT AD LITEM FOR**
**BILLY DEAN BARTON, II**

Matthew M. Clifford
Franke Schultz & Mullen, P.C.
8900 Ward Parkway
Kansas City, MO 64114
(816) 421-7100
(816) 421-7915 (fax)
mclifford@fsmlawfirm.com
**ATTORNEY FOR DEFENDANT**
**BILLY DEAN BARTON, II**

  _/s/Samuel M. Wendt_____
**ATTORNEYS FOR PLAINTIFFS**