IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BNSF RAILWAY COMPANY, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   CASE NO. 2:22-CV-00068 |
| | ) |
| PAULINE MAGIN, et al. | ) |
| | ) |
|     Defendants. | ) |

**<u>PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION</u>**

Plaintiff BNSF Railway Company ("BNSF") pursuant to Federal Rule of Civil Procedure 65, seeks a preliminary injunction preventing Defendants from pursuing their claims in state court in contravention of a valid and enforceable Arbitration Agreement between the parties and in violation of the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"). BNSF incorporates its Memorandum in Support of this Motion as if fully set forth here.

Defendants have asserted claims arising out of an incident that occurred on June 27, 2022, while several Defendants were all traveling as passengers on Amtrak Train 4, also known as the Southwest Chief.  Train 4 was traveling from Los Angeles to Chicago when a dump truck operated by an employee of MS Contracting, LLC, recklessly and negligently failed to stop at a stop sign at U.S. Department of Transportation Crossing No. 005284Y near Mendon, Missouri resulting in a collision with the train.  The collision with the dump truck caused Train 4 to derail.

Plaintiff BNSF has filed a Complaint to Compel Arbitration under the Federal Arbitration Act, 9 U.S.C. § 4, arising out of Defendants' refusal to comply with the terms of a pre-dispute arbitration agreement binding upon the parties in connection with Defendants' claims against Plaintiff.  (Doc. 1)  The terms and conditions for travel on Train 4 acknowledged by and on behalf of the Defendants included a binding Arbitration Agreement.  (See Doc. 1, ¶ 22, Exs. 4 and 5).

{00223786.DOCX}
1

The Arbitration Agreement applies to all claims asserted by train ticket purchasers or any individuals for whom train tickets are purchased including family members, minor passengers, colleagues and companions. (Id.) The Arbitration Agreement applies, without limitation, to claims for negligence, gross negligence, physical impairment, disfigurement, pain and suffering, mental anguish, wrongful death, survival actions, loss of consortium and/or services, medical and hospital expenses, expenses of transportation for medical treatment, expenses of drugs and medical appliances, emotional distress, exemplary or punitive damages arising out of or related to any personal injury. (Id) The Arbitration Agreement permits "any party to which Amtrak owes indemnity…including without limitation any host railroad" to enforce its terms. (Id.) BNSF is a host railroad to which Amtrak owes indemnity, and, therefore, BNSF is expressly entitled to enforce the Arbitration Agreement

In contravention of the terms and conditions acknowledged and agreed to by and on behalf of Defendants, Defendants filed state court actions against BNSF. (*See* Doc. 1, Ex. 1, First Amended Petition in the Circuit Court of Chariton County, Missouri case of *Shaun Phan, et al. v. BNSF Railway Company, et al.*, Case No.: 22CH-CC00022; Doc. 1, Ex. 2, First Amended Petition in the Circuit Court of Chariton County, Missouri case of *Nick Cook, et al. v. BNSF Railway Company, et al.*, Case No. 22CH-CC00021; Doc. 1, Ex. 3, First Amended Petition in the Circuit Court of Chariton County, Missouri case of *Daniel Holsapple, et al. v. BNSF Railway Company, et al.,* Case No.: 22CH-CC00024. (The "State Court Actions")

Defendants' pursuit of litigation in state court irreparably harms BNSF by denying BNSF its contractual right to arbitrate the instant disputes. Therefore, in addition to compelling arbitration of all of Defendants' claims arising out of or relating to the State Court Actions, BNSF also requests that this Court issue an Order enjoining Defendants from maintaining or pursuing any claims in contravention of the Arbitration Agreement, including, but not limited to, their State

{00223786.DOCX}

Court Actions.  Injunctive relief is necessary to effectuate any Court Order compelling arbitration, to aid and preserve this Court's jurisdiction, and to further the strong federal policies in favor of arbitration.

BNSF therefore respectfully requests that this Court, in addition to compelling arbitration of Defendants' claims, enter an order as follows:

(1) Enjoining Defendants from further pursuing proceedings in the above-named cases, pending in the Circuit Court of Chariton County, Missouri;

(2) Enjoining Defendants from pursuing claims based on the June 27, 2022, incident in any venue other than arbitration;

(3) Enjoining the Circuit Court of Chariton County, Missouri from further proceedings in the above-named cases;

(4) Directing such other injunctive relief as is needed to protect Plaintiff from the continuing wrongful conduct of Defendants.

    Respectfully submitted,

*/s/ Sean P. Hamer*
Sean P. Hamer    MO # 48153
Kelly L. Murphy    MO # 72573
Scott R. Ast    MO # 51699
Paula Brown    MO # 45870
Alex McKenna    MO # 72024
SCHARNHORST AST KENNARD GRIFFIN, P.C.
1100 Walnut, Suite 1950
Kansas City, Missouri 64106
T: (816) 268-9400/F: (816) 268-9409
Email:  shamer@sakg.com
kmurphy@sakg.com
pbrown@sakg.com
sast@sakg.com
amckenna@sakg.com

Mark S. Landman  (*Pro Hac Vice Pending)*
LANDMAN CORSI BALLAINE & FORD, P.C.
120 Broadway, 13th Floor
New York, New York 10271
T: (212) 238-4800/F: (212) 238-4848
Email: mlandman@lcbf.com

John A. Bonventre (*Pro Hac Vice Pending)*
LANDMAN CORSI BALLAINE & FORD, P.C.
One Gateway Center, 22nd Floor
Newark, NJ 07102
T: (973) 623-2700/F: (973) 623-4496
Email: jbonventre@lcbf.com

*Attorneys for Plaintiff BNSF Railway Company*