UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BNSF RAILWAY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PAULINE MAGIN, on behalf of all | ) No. 2:22-CV-68 RLW |
| Wrongful Death Beneficiaries | ) |
| for the death of KIM HOLSAPPLE, | ) |
| deceased, et al., | ) |
| | ) |
| Defendants. | |

## ORDER CONCERNING JURISDICTION

This matter is before the Court on review of the file. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "Federal Courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. National Enters., Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). Statutes conferring diversity jurisdiction are strictly construed, *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992), and the burden of proving all jurisdictional facts is on the party asserting jurisdiction, here the Plaintiff. *See McNutt v. General Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). "[T]he court may . . . insist that the jurisdictional facts be established or the case be dismissed[.]" *Id*.

Plaintiff's Complaint to Compel Arbitration ("Complaint") asserts that jurisdiction in Federal Court is proper under 28 U.S.C. § 1332, because there is complete diversity of citizenship between Plaintiff and Defendants, and under 9 U.S.C. § 4. (ECF No. 1, ¶ 2)

"When jurisdiction is based on diversity of citizenship, the pleadings . . . must set forth with specificity the citizenship of the parties." *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). Complete diversity of citizenship between plaintiffs and defendants is required by § 1332. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991). To establish complete diversity of citizenship, the pleadings must include factual allegations of each party's state of citizenship. S*ee* 28 U.S.C. § 1332(a).

Here, the Complaint contends that Defendants are "residents" of Kansas, California, and Missouri. (ECF No. 1, ¶¶ 4-13). A complaint resting on residency "will not establish citizenship for diversity jurisdiction." *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017). "Citizenship requires permanence." *Reece v. Bank of New York Mellon*, 760 F.3d 771, 778 (8th Cir. 2014). "Residency is a more fluid concept." *Hargett*, 854 F.3d at 965. "Unlike citizenship, residency does not require an intent to make a place home." *Id*. (citing *Ellis v. Se. Constr. Co.*, 260 F.2d 280, 281 (8th Cir. 1958)).

Plaintiff's Complaint is procedurally defective because it does not contain sufficient allegations of jurisdictional facts to establish the existence of diversity jurisdiction. Plaintiff is granted seven (7) days to file an amended complaint that alleges facts showing complete diversity of citizenship between the parties, particularly the citizenship of each defendant.

Accordingly,

**IT IS HEREBY ORDERED** that by **October 3, 2022**, Plaintiff shall file an amended complaint that alleges facts establishing the citizenship of all parties to this action.

2

3

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 26th day of September, 2022.