IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BNSF RAILWAY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 2:22-CV-00068-RLW |
| | ) |
| PAULINE MAGIN, on behalf of all | ) |
| Wrongful Death Beneficiaries for the death of | ) |
| KIM HOLSAPPLE, deceased, *et al.*,[1] | ) |
| | ) |
| Defendants. | ) |

## **DEFENDANTS' MOTION TO DISMISS**

COME NOW Defendants PAULINE MAGIN, ANGELIKA SALAZAR, and N.N., a minor by and through his Next Friend, Angelika Salazar, all by and through their attorneys, and respectfully move this Honorable Court to dismiss Plaintiff BNSF Railway Company's First Amended Complaint (Complaint) under Federal Rule of Civil Procedure 12(b)(1). Dismissal is appropriate because there is no valid arbitration agreement. As a result, this Court lacks subject-matter jurisdiction. Defendants respectfully request that the Complaint be dismissed.

## **BACKGROUND AND SUMMARY OF ARGUMENT**

Defendants are plaintiffs in pending state court civil actions in the Circuit Court of Chariton County, Missouri, Ninth Judicial Circuit: *Holsapple, et al. v. BNSF Ry. Co., et al.*, Case No.: 22CH-CC00024; *Phan, et al. v. BNSF Ry. Co., et al.*, Case No.: 22CH-CC00022; *Cook, et al. v.*

---

[1] This case caption created by BNSF incorrectly names Pauline Magin as the representative of the wrongful death beneficiaries for Kim Holsapple. However, the underlying state court lawsuit involving the wrongful death of Kim Holsapple (*Daniel Holsapple and David Towers, each individually, and on behalf of all Wrongful Death Beneficiaries for the death of Kim Holsapple, deceased, et al. v. BNSF Railway Company, et al.*, Case No. 22CH-CC00024), identifies Daniel Holsapple and David Towers as the persons who brought claims for the wrongful death of Kim Holsapple. (**Ex. 9**, Dec. of Grant Davis).

1

*BNSF Ry. Co., et al.*, Case No. 22CH-CC00021; *Gallaway, et al. v. BNSF Ry. Co., et al.*, Case No.: 22CH-CC00026; and *Carreon, et al. v. BNSF Ry. Co., et al.*, Case No.: 22CH-CC00029. These cases arise from wrongful death and personal injury claims resulting from the derailment of Amtrak Train 4, near Mendon, Missouri on June 27, 2022. The state court plaintiffs include passengers injured on the train, spouses with loss of consortium claims who were not on the train, and others not on the train with non-derivative wrongful death actions. Indisputably, those who were not passengers lack any contractual relationship requiring arbitration with Amtrak.

More importantly, no passenger or person could have a constitutionally valid contractual relationship with Amtrak that requires arbitration. Amtrak exclusively controls the right to interstate public rail transportation; as a government agency, it cannot require constitutional rights be waived in order to travel by rail. Any attempt to avoid courts or jury trials through Amtrak's arbitration agreement is unconstitutional.

In this action, it is not Amtrak who seeks to enforce the alleged arbitration agreement. Amtrak is not a party to this case or to the underlying state court lawsuits. Instead, BNSF seeks to enforce Amtrak's alleged arbitration agreement. BNSF filed its Complaint on September 20, 2022, seeking to invoke Amtrak's arbitration clause on its own behalf against several plaintiffs in the underlying state court actions (ECF 1). An amended Complaint to the same effect was filed October 3, 2022 (ECF 9). BNSF also filed a motion for preliminary injunction (ECF 2), which Defendants are separately responding to, but which must be denied because no valid arbitration agreement exists.

BNSF's Complaint also misstates the Defendants' roles in purchasing tickets, their knowledge of an arbitration agreement, and their relationship to the underlying state court actions. (**Ex. 1**, Dec. of Daniel Holsapple; **Ex. 2**, Dec. of David Towers; **Ex. 3**, Dec. of Pauline Magin; **Ex.**

2

**4**, Dec. of Tiffany Powers; **Ex. 5**, Dec. of Brent Powers; **Ex. 6**, Dec. of Brandon Beggs; **Ex. 7**, Dec. of Nick Cook; **Ex. 8**, Dec. of William Magin; **Ex. 9**, Dec. of Grant Davis).

For example, the Complaint names as lead Defendant, "PAULINE MAGIN, on behalf of all wrongful death beneficiaries for the death of KIM HOLSAPPLE." However, the named plaintiffs for the state-court wrongful death case for Ms. Holsapple are her sons, Daniel Holsapple and David Towers, who were not on the train, did not buy tickets, and never agreed to any arbitration clause. (**Ex. 1**, Dec. of Daniel Holsapple; **Ex. 2**, Dec. of David Towers; **Ex. 9**, Dec. of Grant Davis). Pauline Magin is not the named plaintiff in that case and is not bringing the case "on behalf of all Wrongful Death beneficiaries." (**Ex. 9**, Dec. of Grant Davis).  Such a transparently incorrect allegation, at the very outset of the Complaint, cannot provide a basis to permit this Court to undertake jurisdiction in this matter, let alone order the relief BNSF seeks, even without the other multiple flaws that undergird this action.

Similarly, Defendants Nick Cook, Brandon Beggs, William Magin, and Brent Powers did not purchase Amtrak tickets. They were not on the train. They never gave anyone authority to bind them to any type of arbitration. (**Ex. 5**, Dec. of Brent Powers; **Ex. 6**, Dec. of Brandon Beggs; **Ex. 7**, Dec. of Nick Cook; **Ex. 8**, Dec. of William Magin). Rachelle Cook, Tiffany Powers, and Pauline Magin, who were passengers on the train, did not purchase tickets either. Someone else purchased tickets for them, but these Defendants never gave the ticket purchaser authority to bind them to arbitration, never saw the alleged arbitration agreement, and have never even been to Amtrak's website. (**Ex. 3**, Dec. of Pauline Magin; **Ex. 4**, Dec. of Tiffany Powers).

BNSF is attempting to invoke an unconstitutional Amtrak arbitration agreement that does not specifically mention BNSF. In January 2019, Amtrak unilaterally amended the terms and conditions on which it would provide passenger rail transportation services to the public to include

3

an "Arbitration Agreement." Amtrak posts the current terms and conditions, including the arbitration agreement, on its website (https://www.amtrak.com/terms-and-conditions.html, last visited 11/1/22). The website states:

> These terms and conditions contain a binding Arbitration Agreement below. Please read the Arbitration Agreement carefully because it applies mutually to You and Amtrak and requires that you resolve claims and disputes with Amtrak on an individual basis through arbitration and not by way of court or jury trial. By purchasing a ticket for travel on Amtrak, You are agreeing to these terms and conditions and agreeing to the Arbitration Agreement.

These terms and conditions are not mentioned on the tickets or the emails in which the tickets are sent to online purchasers. These terms and conditions are also not mentioned when a ticket is purchased through means other than Amtrak's website. BNSF is not specifically named in the Amtrak website or the alleged arbitration agreement. A customer purchasing a ticket through Amtrak's website does not actually have to read the terms and conditions before purchasing a ticket – the Amtrak ticket can be purchased without ever seeing the arbitration language.

Regardless of the above, Amtrak's arbitration agreement is unconstitutional, and BNSF cannot compel arbitration on the basis of an unconstitutional or otherwise invalid contract provision. As a federal agency, Amtrak must conform to federal constitutional requirements. Unlike private entities, Amtrak cannot condition the use of its services on a waiver of constitutional rights. Furthermore, a waiver of constitutional rights, assuming Amtrak could even require such, must be voluntary and knowing, with sufficient awareness of the relevant circumstances and likely consequences. There was no voluntary and knowing waiver of constitutional rights by any of the Defendants.

In addition to the constitutional grounds for invalidation, no arbitration agreement can apply to wrongful death plaintiffs in Missouri, ambiguities in Amtrak's terms and conditions render any potential agreement invalid, and BNSF waived any right to arbitrate. The purchaser of

4

a ticket cannot waive the constitutional or contractual rights of the ultimate user of the ticket. Dismissal is appropriate because BNSF's invocation of subject-matter jurisdiction is wholly based on the existence of an invalid arbitration agreement.

## CONCLUSION

As shown above, and as more fully set forth in Defendants' Memorandum in Support of Motion to Dismiss, BNSF has no valid arbitration agreement with any of those it has sued as Defendants in this Court. In the absence of a valid and enforceable arbitration agreement, BNSF's assertion of this Court's subject-matter jurisdiction is lacking and this case should be dismissed.

Respectfully submitted,

**DAVIS, BETHUNE & JONES, LLC**

By: /s/ Grant L. Davis
Grant L. Davis,            34799(MO)
1100 Main Street, Suite 2930
Kansas City, Missouri 64105
Tel.   (816) 421-1600
Fax.   (816) 472-5972
gdavis@dbjlaw.net

*Attorneys for Defendants*
*Pauline Magin*
*Angelika Salazar*
*Angelika Salazar as Next Friend of N.N.*

5

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 3rd day of November, 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the applicable ECF registrants.

/s/   *Grant L. Davis*
***Attorney for Defendants***
***Pauline Magin***
***Angelika Salazar***
***Angelika Salazar as Next Friend of N.N.***