IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:22-CV-00068-RLW |
| | ) | |
| PAULINE MAGIN, on behalf of all | ) | |
| Wrongful Death Beneficiaries for the death of | ) | |
| KIM HOLSAPPLE, deceased, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANTS' MOTION TO DISMISS**

COME NOW Defendants Estevan Carreon, Jane Carreon, Allen Gallaway, Kimberly Howard, Tami Lakey, A.L., a minor by and through her Next Friend, Tami Lakey, Noel Lucero, and Sherri Schwanz, all by and through their undersigned counsel, SCHLICHTER, BOGARD & DENTON, LLP, (the "SBD Defendants"), and hereby respectfully move this Court to dismiss Plaintiff BNSF Railway Company's First Amended Complaint (the "Complaint") under Federal Rule of Civil Procedure 12(b)(1). Dismissal is appropriate because there is no valid arbitration agreement. As a result, this Court lacks subject-matter jurisdiction. Defendants respectfully request that the Complaint be dismissed.

## **BACKGROUND AND SUMMARY OF ARGUMENT**

The SBD Defendants are plaintiffs in state court civil actions pending in the Circuit Court of Chariton County, Missouri, Ninth Judicial Circuit: See *Allen Gallaway, et al. v. MS Contracting, LLC, et al.*, Case No. 22CH-CC00026 and *Estevan Carreon, et al. v. MS Contracting, LLC, et al.*, Case No. 22CH-CC00029. These cases against BNSF and other defendants arise from personal injury claims resulting from the derailment of an Amtrak train, near Mendon, Missouri on June 27, 2022. The SBD Defendants were all passengers injured on the Amtrak train.

1

BNSF filed an Amended Complaint on October 3, 2022 (ECF 9), alleging that the SBD Defendants accepted an arbitration agreement with Amtrak when purchasing their train tickets online, and it attempts to invoke Amtrak's alleged agreement on its own behalf to compel the SBD Defendants to arbitrate their injury claims against it. BNSF also filed a motion for preliminary injunction (ECF 2), which Defendants are separately responding to, but which must be denied because no valid arbitration agreement exists.

BNSF alleges that, at least for passengers that purchased their own tickets online,[1] they would have checked a box that contains a hyperlink to Amtrak's "terms and conditions" including an arbitration agreement. ECF 9 at ¶¶ 20-21. BNSF attached a 77-page document containing these alleged terms and conditions to its Complaint. Amtrak also posts the current terms and conditions, including the arbitration agreement, on its website (https://www.amtrak.com/terms-and-conditions.html, last visited 11/1/22). At the top of the page, the document states:

> These terms and conditions contain a binding Arbitration Agreement below. Please read the Arbitration Agreement carefully because it applies mutually to You and *Amtrak* and requires that you resolve claims and disputes *with Amtrak* on an individual basis through arbitration and not by way of court or jury trial. By purchasing a ticket for travel on Amtrak, You are agreeing to these terms and conditions and agreeing to the Arbitration Agreement.

*Id.* (emphasis added). Although if clicked through, this language may signal to a reader that the agreement contains an agreement to arbitrate "claims and disputes *with Amtrak*," it neglects to warn passengers as to the full scope of the agreement and the constitutional rights they purportedly would waive by choosing to ride an Amtrak train. Only after reaching Page 55 of the terms and conditions, buried in the middle of a large block of uniformed text, would the reader see

---

[1] Like many of the other defendants named in BNSF's Amended Complaint, Defendants Gallaway and A.L. did not buy their own tickets, and never saw or agreed to any arbitration clause. See Ex. 1 to Memorandum, Aff. of Allen Gallaway. Their tickets were purchased for them by Kimberly Howard and A.L.'s parents, respectively.

that the arbitration provision differs materially from the deceptive prefacing language at the top of the document, purporting to apply to far more than "claims and disputes *with Amtrak*." *Id*.

Specifically, BNSF alleges that Amtrak's arbitration agreement also requires passengers to arbitrate claims against other unspecified, unnamed entities, which allegedly included BNSF, despite BNSF having no relationship with the passengers, not being a party to the agreement, and not even being named by Amtrak therein. See ECF 9 at ¶ 24 (reciting language from the agreement which purports to apply to "claims You may have … against any party to which Amtrak owes indemnity (which party may also enforce this Agreement), including without limitation any host railroad…"). BNSF alleges it is entitled to enforce the agreement as a party to which Amtrak "owes indemnity…" ECF 9 at ¶ 26.

Problematically, however, no passenger or person could have a constitutionally valid contractual relationship with Amtrak that requires arbitration. Amtrak exclusively controls the right to interstate public rail transportation; as a government agency, it cannot require constitutional rights be waived in order to travel by rail. Any attempt to avoid courts or jury trials through Amtrak's arbitration agreement is unconstitutional.

Furthermore, a waiver of constitutional rights, assuming Amtrak could even require such, must be voluntary and knowing, with sufficient awareness of the relevant circumstances and likely consequences. There was no voluntary and knowing waiver of constitutional rights by any of the Defendants. Indeed, here, BNSF has alleged that the terms of Amtrak's unconstitutional arbitration agreement—in which it is not named and to which it is not a party—permit it to independently force the SBD Defendants to arbitrate claims brought against it, even where no claims have been made against Amtrak. The SBD Defendants had no relationship with BNSF and certainly there was no expectation that they were waiving any constitutional rights as to claims against BNSF

3

when they purchased their Amtrak tickets. This underscores the constitutional problem with Amtrak's agreement, as waivers of "constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970).

Beyond the constitutional problems with Amtrak's purported agreement, there are ambiguities in Amtrak's terms and conditions that render any potential agreement invalid, and BNSF waived any right to arbitrate by engaging in litigation.

Finally, like many of the other defendants named in BNSF's Complaint, Defendants Gallaway and A.L. did not buy their own tickets, and never agreed to any arbitration clause. See Ex. 1 to Memorandum, Aff. of Allen Gallaway. Their tickets were purchased for them by Kimberly Howard and their parents, respectively. *Id.* Accordingly, for these passengers, there is no legitimate argument that their claims must be arbitrated. The purchaser of a ticket cannot waive the constitutional or contractual rights of the ultimate user of the ticket.

## CONCLUSION

As stated above, and as more fully set forth in Defendants' Memorandum in Support of Motion to Dismiss, BNSF has no valid arbitration agreement with any of those it has sued as Defendants in this Court. In the absence of a valid and enforceable arbitration agreement, BNSF's assertion of this Court's subject-matter jurisdiction is lacking and this case should be dismissed.

        Respectfully submitted,

        Jonathan S. Jones # 71024MO
        SCHLICHTER BOGARD & DENTON, LLP
        100 South Fourth Street, Suite 1200
        St. Louis, MO 63102
        (314) 621-6115
        jjones@uselaws.com

*Attorneys for Defendants Estevan Carreon, Jane Carreon, Allen Gallaway, Kimberly Howard, Tami Lakey, A.L., a minor by and through her Next Friend, Tami Lakey, Noel Lucero, and Sherri Schwanz*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 3rd day of November, 2022, the foregoing was served upon all counsel of record via the Court's electronic filing service.

        */s/ Jonathan S. Jones*