Electronically Filed - Chariton - December 29, 2022 - 03:23 PM

## IN THE CIRCUIT COURT OF CHARITON COUNTY, MISSOURI

| | |
|---|---|
| DANIEL HOLSAPPLE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 22CH-CC00024 |
| BNSF Railway Company, et al., ) | |
| ) | |
| Defendants. ) | |

### ANSWER OF DEFENDANT BNSF RAILWAY COMPANY

As an initial matter, BNSF Railway Company ("BNSF") notes that it is filing its Answer and Affirmative Defenses in accordance with this Court's Order issued on December 8, 2022. Nonetheless, Plaintiffs' claims are subject to binding arbitration, and BNSF's action to compel arbitration is pending in the United States District Court for the Eastern District of Missouri – Case No. 2:22-00068-RLW. BNSF is not waiving its right to compel arbitration by filing this Answer and Affirmative Defenses.

For its Answer and Affirmative Defenses to Plaintiffs' First Amended Petition, Defendant BNSF Railway Company ("BNSF") states as follows:

### PARTIES

1. BNSF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore denies those allegations.

2. BNSF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore denies those allegations.

3. BNSF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3 concerning David Towers' and Daniel Holsapple's status as Class 1 beneficiaries pursuant to R.S.Mo. § 537.080, and therefore denies those allegations. Upon

EXHIBIT 21
2:22-CV-00068-RLW

Electronically Filed - Chariton - December 29, 2022 - 03:23 PM

information and belief, BNSF admits that Kim Holsapple died on June 27, 2022, during or after the derailment of an Amtrak train at U.S. Department of Transportation Crossing No. 005284Y near Mendon, Missouri.

4. Upon information and belief, BNSF admits the allegations in paragraph 4.

5. BNSF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore denies those allegations.

6. The allegations in paragraph 6 state legal conclusions regarding common law marriage to which no response is required from BNSF.

7. The allegations in paragraph 7 state legal conclusions regarding common law marriage to which no response is required from BNSF.

8. BNSF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore denies those allegations.

9. BNSF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore denies those allegations.

10. Upon information and belief, BNSF admits the allegations in paragraph 10.

11. BNSF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore denies those allegations.

12. BNSF admits the allegations in paragraph 12.

13. The allegations in paragraph 13 state legal conclusions regarding service of process to which no response is required from BNSF.

14. BNSF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore denies those allegations.

EXHIBIT 21
2:22-CV-00068-RLW

Electronically Filed - Chariton - December 29, 2022 - 03:23 PM

15.     BNSF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore denies those allegations.

16.     BNSF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies those allegations.

17.     BNSF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 17 regarding the appointment of a Defendant *ad litem* for Billy Barton and service upon that Defendant *ad litem*, and therefore denies those allegations. Upon information and belief, BNSF admits that Billy Barton died on June 27, 2022, when he recklessly and carelessly operated a dump truck such that it resulted in a collision between the dump truck and an Amtrak train.

## JURISDICTION AND VENUE

18.     The allegations in paragraph 18 state legal conclusions regarding jurisdiction to which no response is required from BNSF.

19.     The allegations in paragraph 19 state legal conclusions regarding venue to which no response is required from BNSF.

20.     BNSF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies those allegations.

21.     The allegations in paragraph 21 state legal conclusions and improper threats by Plaintiffs' counsel that should be stricken by the Court on its own initiative under Rule 55.27(e). Accordingly, no response to these allegations is required from BNSF.

EXHIBIT 21
2:22-CV-00068-RLW

Electronically Filed - Chariton - December 29, 2022 - 03:23 PM

**FACTS OF THE COLLISION**

22. Plaintiffs' allegation in paragraph 22 that the collision occurred "at Defendant BNSF's railroad crossing" is vague and ambiguous; thus, BNSF denies that allegation. BNSF admits the remaining allegations in paragraph 22.

23. BNSF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore denies those allegations.

24. Upon information and belief, BNSF admits the allegations in paragraph 24.

25. Upon information and belief, BNSF admits the allegations in paragraph 25.

26. In response to paragraph 26, BNSF admits the crossing consists of an intersection between County Road 113 and two parallel main line tracks. Plaintiffs' characterization of train operating speeds over the tracks as "high" is vague and ambiguous, therefore, BNSF denies that allegation. BNSF admits that federal regulations – specifically 49 C.F.R. § 213.9 – permit passenger trains to operate at speeds up to 90 miles per hour over this Class 5 track.

27. All of Plaintiffs' allegations in paragraph 27 are vague and ambiguous; thus, BNSF denies those allegations.

28. In response to paragraph 28, BNSF admits it owns the tracks. Plaintiffs' characterizations of the "railroad crossing" and "right-of-way property" are vague and ambiguous; thus, BNSF denies those allegations. The remaining allegations in paragraph 28 are legal conclusions to which no response from BNSF is required.

29. Plaintiffs' characterizations of "passive" and "active" warning devices in paragraph 29 are vague and ambiguous; thus, BNSF denies those allegations.

30. BNSF denies the allegations in paragraph 30.

31. BNSF denies the allegations in paragraph 31.

EXHIBIT 21
2:22-CV-00068-RLW

Electronically Filed - Chariton - December 29, 2022 - 03:23 PM

32. BNSF denies the allegations in paragraph 32.

33. BNSF denies the allegations in paragraph 33.

34. BNSF denies the allegations in paragraph 34.

35. BNSF denies the allegations in paragraph 35.

36. BNSF denies the allegations in paragraph 36.

37. BNSF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 37, and therefore denies those allegations.

38. Upon information and belief, BNSF admits the allegations in paragraph 38.

39. Upon information and belief, BNSF admits the allegations in paragraph 39.

40. In response to paragraph 40, BNSF denies the crossing was "dangerous." Further, characterization of the Amtrak train as traveling at a "high rate of speed" is vague and ambiguous, therefore, BNSF denies that allegation. BNSF admits that Barton was attempting to cross the crossing.

41. BNSF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 41, and therefore denies those allegations.

42. Upon information and belief, BNSF admits the allegations in paragraph 42.

43. BNSF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 43, and therefore denies those allegations.

44. BNSF denies the allegations in paragraph 44.

45. BNSF denies the allegations in paragraph 45.

46. BNSF denies the allegations in paragraph 46.

47. The allegations in paragraph 47 contain only arguments of Plaintiffs' counsel to which no response is required from BNSF.

EXHIBIT 21
2:22-CV-00068-RLW

Electronically Filed - Chariton - December 29, 2022 - 03:23 PM

48. In response to paragraph 48, upon information and belief, BNSF admits that Kim Holsapple died on June 27, 2022, during or after the derailment of an Amtrak train at U.S. Department of Transportation Crossing No. 005284Y near Mendon, Missouri.

49. BNSF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 49, and therefore denies those allegations.

50. In response to paragraph 50, BNSF denies that it or its employees committed any negligent acts or omissions.

51. BNSF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 51, and therefore denies those allegations.

52. BNSF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 52, and therefore denies those allegations.

**COUNT I – NEGLIGENCE**
**(Defendant BNSF)**

53. In response to paragraph 53, BNSF incorporates by reference its responses to paragraphs 1 through 52 as if fully set forth herein.

54. The allegations in paragraph 54 state legal conclusions and arguments of counsel to which no response from BNSF is required.

55. The allegations in paragraph 55 state legal conclusions and arguments of counsel to which no response from BNSF is required.

56. The allegations in paragraph 56 state legal conclusions and arguments of counsel to which no response from BNSF is required.

57. The allegations in paragraph 57 state legal conclusions and arguments of counsel to which no response from BNSF is required.

EXHIBIT 21
2:22-CV-00068-RLW

Electronically Filed - Chariton - December 29, 2022 - 03:23 PM

58. The allegations in paragraph 58 state legal conclusions and arguments of counsel to which no response from BNSF is required.

59. The allegations in paragraph 59 state legal conclusions and arguments of counsel to which no response from BNSF is required.

60. In response to paragraph 60, BNSF admits that it "did regularly maintain and work on" the crossing, but BNSF denies that the crossing was dangerous.

61. In response to paragraph 61, BNSF denies that the crossing had "dangerous and defective conditions."

62. In response to paragraph 62, BNSF denies that the crossing was dangerous.

63. All of the allegations in paragraph 63 are vague and ambiguous; thus, BNSF denies those allegations.

64. BNSF admits the allegations in paragraph 64.

65. The allegations in paragraph 65 state legal conclusions and arguments of counsel to which no response from BNSF is required.

66. All of the allegations in paragraph 66 are vague and ambiguous; thus, BNSF denies those allegations.

67. The allegations in paragraph 67 state legal conclusions and arguments of counsel to which no response from BNSF is required.

68. BNSF denies the allegations in paragraph 68.

69. BNSF denies the allegations in paragraph 69 and the subparagraphs thereto.

70. BNSF denies the allegations in paragraph 70.

EXHIBIT 21
2:22-CV-00068-RLW

Electronically Filed - Chariton - December 29, 2022 - 03:23 PM

## COUNT II – NEGLIGENCE
### (Defendants MS Contracting and Barton)

71. In response to paragraph 71, BNSF incorporates by reference its responses to paragraphs 1 through 70 as if fully set forth herein.

### LEGAL THEORIES AND CONCLUSIONS OF LAW

72. The allegations in paragraph 72 state legal conclusions and arguments of counsel to which no response from BNSF is required.

73. The allegations in paragraph 73 state legal conclusions and arguments of counsel to which no response from BNSF is required.

74. The allegations in paragraph 74 are not directed at BNSF; hence, no response from BNSF is required.

75. The allegations in paragraph 75 are not directed at BNSF; hence, no response from BNSF is required.

76. The allegations in paragraph 76 are not directed at BNSF; hence, no response from BNSF is required.

77. BNSF denies the allegations in paragraph 77.

78. BNSF denies the allegations, legal conclusions, and arguments of counsel made against it in paragraph 78.

79. In response to paragraph 79, BNSF denies that it was negligent.

### DAMAGES

80. In response to paragraph 80, BNSF incorporates by reference its responses to paragraphs 1 through 79 as if fully set forth herein.

81. BNSF denies the allegations in paragraph 81.

82. BNSF denies the allegations in paragraph 82.

EXHIBIT 21
2:22-CV-00068-RLW

83. BNSF denies the allegations in paragraph 83.

84. In response to paragraph 84, BNSF denies that it was negligent. The remaining allegations in paragraph 84 are legal conclusions and arguments of Plaintiffs' counsel to which no response from BNSF is required.

85. In response to paragraph 85, BNSF denies that it was negligent. The remaining allegations in paragraph 85 are legal conclusions and arguments of Plaintiffs' counsel to which no response from BNSF is required.

86. BNSF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 86, and therefore denies those allegations.

87. In response to paragraph 87, BNSF denies that it was negligent. The remaining allegations in paragraph 87 are legal conclusions and arguments of Plaintiffs' counsel to which no response from BNSF is required. Further, BNSF denies the allegations, if any, in the unnumbered "WHEREFORE" paragraph following paragraph 87, and further denies that Plaintiffs are entitled to recovery against BNSF under any theory alleged in their First Amended Petition.

## AFFIRMATIVE DEFENSES

BNSF asserts the following affirmative defenses in further answer to Plaintiffs' First Amended Petition against it:

1. Plaintiffs' First Amended Petition fails to state a claim on which relief may be granted.

2. BNSF reasonably believes that, after an opportunity for additional investigation and discovery, there will be evidence that the negligence of third parties outside BNSF's control was the sole, intervening cause of any damages suffered by Plaintiffs; thus barring Plaintiffs' claims or recovery against BNSF.

EXHIBIT 21
2:22-CV-00068-RLW

3. After an opportunity for additional investigation and discovery, BNSF reasonably believes that there will be evidence that, to the extent Plaintiff Angelika Salazar may have suffered alleged damages, such damages were caused, in whole or in part, by Ms. Salazar's failure to mitigate such damages, such as:

   a. Failure to return to gainful employment as soon as reasonably possible;

   b. Failure to seek or accept alternative employment opportunities;

   c. Failure to pursue vocational rehabilitation opportunities or otherwise participate in vocational rehabilitation offered to her;

   d. Failure to seek reasonable alternative employment within her physical and vocational capabilities;

   e. Failure to pursue retraining, education or other training for reasonable alternate employment;

   f. Failure to use reasonable care to avoid aggravating any pre-existing injuries or injuries she may have suffered in the incident at issue in this litigation;

   g. Failure to properly use or take medication and/or failure to seek alternate medications;

   h. Failure to exercise reasonable care to seek and accept appropriate medical care;

   i. Failure to follow advice and recommendations of treating healthcare providers; or

   j. Any other acts or omissions by Ms. Salazar that may be determined through discovery.

4. Plaintiffs' claims are preempted or precluded by Federal Law, including, but not limited to the Federal Railroad Safety Act of 1970 (49 U.S.C. § 20101 et seq.), the Highway Safety

Electronically Filed - Chariton - December 29, 2022 - 03:23 PM

EXHIBIT 21
2:22-CV-00068-RLW

Electronically Filed - Chariton - December 29, 2022 - 03:23 PM

Act of 1973 (23 U.S.C. § 130 et seq.), and the regulations issued by the Secretary of Transportation pursuant thereto, including 49 C.F.R. Part 213.

5.  Plaintiffs' claims are preempted by the Interstate Commerce Commission Termination Act, 49 U.S.C. section 10501, to the extent Plaintiffs' negligence claims constitute a direct or indirect attempt to regulate transportation by rail carriers, including the rules, practices, routes, services and facilities of such carriers.

6.  BNSF reasonably believes that after an opportunity for additional investigation and discovery there will be evidence that BNSF will be entitled to a set-off or credit of all amounts paid to or on behalf of Plaintiffs as a result of their alleged injuries, including sick pay, supplemental benefits, advances, medical expenses, or any other such payments, pursuant to R.S. Mo. § 537.060.

7.  In further answer and by way of affirmative defense, BNSF expressly requests that Plaintiffs' claims be reduced in an amount to be determined by further discovery in this action pursuant to R.S.Mo. § 537.060 or R.S.Mo. 490.710 in the event that Plaintiffs have previously settled, or in the future settle, any of their claims being asserted in this lawsuit against any other party, person or entity, or any other joint tortfeasor, or any other person or entity liable in tort for Plaintiffs' damages, if any, arising out of the incident referred to in Plaintiffs' First Amended Petition.

8.  BNSF is entitled to a setoff against the portion of Plaintiffs' alleged economic loss attributable to medical expenses in the amount of any write-offs or adjustments made by Plaintiffs' medical providers, including but not limited to, write-offs or adjustments by insurance or by the medical provider under any insurance related or medical provider-related agreement.

EXHIBIT 21
2:22-CV-00068-RLW

Electronically Filed - Chariton - December 29, 2022 - 03:23 PM

9. After an opportunity for additional investigation and discovery, BNSF reasonably believes that there will be evidence that, Plaintiff Angelika Salazar's alleged personal injuries, medical, mental health, or other conditions or infirmities were caused in whole or in part by pre-existing conditions or the natural progression thereof, thus reducing or barring Ms. Salazar's recovery herein.

10. After an opportunity for additional investigation and discovery, BNSF reasonably believes that there will be evidence that, Plaintiff N     N     alleged personal injuries, medical, mental health, or other conditions or infirmities were caused in whole or in part by pre-existing conditions or the natural progression thereof, thus reducing or barring Mr. N recovery herein.

11. BNSF denies the nature and extent of each Plaintiffs' injuries and damages.

12. For further answer, and by way of affirmative defense, BNSF states that the alleged incident was not foreseeable, barring Plaintiffs' recovery herein.

13. Plaintiffs' claims are barred by and subject to a mandatory arbitration provision included within the Terms and Conditions of the Amtrak passenger tickets of Kim Holsapple, Angelika Salazar, and N     N

14. Plaintiffs' award, if any, is controlled and limited by the applicable provisions of 49 U.S.C. § 28103.

15. BNSF reserves the right to raise additional affirmative defenses as the bases for such defenses become known through investigation and discovery.

WHEREFORE Defendant BNSF Railway Company, having fully answered the allegations in Plaintiffs' First Amended Petition, requests the Court dismiss Plaintiffs' claims against it, that Plaintiffs take naught by their Petition, that the Court grant BNSF its costs incurred in this action

EXHIBIT 21
2:22-CV-00068-RLW

and, that the Court grant BNSF all other and further relief that the Court deems just, proper, and equitable.

## JURY TRIAL DEMANDED

BNSF hereby demands a jury trial on all issues triable by jury.

Respectfully submitted,

/s/ Sean P. Hamer
Sean P. Hamer      MO # 48153
Kelly L. Murphy      MO # 72573
Scott R. Ast      MO # 51699
Paula Brown      MO # 45870
Alex McKenna      MO # 72024
SCHARNHORST AST KENNARD GRIFFIN, P.C.
1100 Walnut, Suite 1950
Kansas City, Missouri 64106
Telephone: (816) 268-9400
Facsimile: (816) 268-9409
Email: shamer@sakg.com
        kmurphy@sakg.com
        pbrown@sakg.com
        sast@sakg.com
        amckenna@sakg.com
*Attorneys for Defendant BNSF Railway Company*

## CERTIFICATE OF SERVICE

I certify that on the 29th day of December 2022, a true and accurate copy of the foregoing was filed through the Court's electronic filing system, which will serve notification upon all interested parties.

/s/ Sean Hamer
Attorney

Electronically Filed - Chariton - December 29, 2022 - 03:23 PM

EXHIBIT 21
2:22-CV-00068-RLW