UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BNSF RAILWAY COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  No. 2:22-CV-68 RLW |
| PAULINE MAGIN, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER CONCERNING JURISDICTION

This matter is before the Court on review of the file. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "Federal Courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. National Enters., Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). Statutes conferring diversity jurisdiction are strictly construed, *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992), and the burden of proving all jurisdictional facts is on the party asserting jurisdiction. *See McNutt v. General Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). "[T]he court may . . . insist that the jurisdictional facts be established or the case be dismissed[.]" *Id*.

BNSF's Amended Complaint asserts that federal jurisdiction exists based on diversity of citizenship. (ECF No. 9, ¶ 19).[1] The diversity jurisdiction statute, 28 U.S.C. § 1332(a), provides

---

[1] BNSF also purports to invoke jurisdiction under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. "The FAA does not itself confer jurisdiction." *UHC Mgmt. Co. v. Computer Scis. Corp.*, 148 F.3d 992, 995 (8th Cir. 1998).

that federal district courts will have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

"It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001). The jurisdictional minimum is a requirement of federal subject-matter jurisdiction and is not waivable by the parties. 15A James Wm. Moore et al., *Moore's Federal Practice*, § 102.103 (3d ed. 2023). Either party may raise the issue at any time. *Id.* If the parties do not raise the issue, the Court must raise it on its own initiative. *Id.*

"A complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017). Put another way, "[t]he district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). The party asserting jurisdiction may not aggregate separate and distinct claims to satisfy the amount-in-controversy requirement. *Snyder v. Harris*, 394 U.S. 332, 336 (1969)

Here, BNSF asserts only that "upon information and belief, the amount in controversy exceeds $75,000." (ECF No. 9 at ¶ 19). BNSF does not address whether each defendant's underlying state-court action, viewed separately, meets this requirement. Based on BNSF's Amended Complaint, the Court can only assume that BNSF is aggregating Defendants' claims to

2

satisfy the amount-in-controversy requirement. As stated above, such aggregation is improper. *Snyder*, 394 U.S. at 336.

BNSF is not saved by the fact that it attached Defendants' state-court petitions to the Amended Complaint. Having reviewed each of the underlying petitions, the Court cannot say that a fact finder could legally conclude that each defendant suffered damages exceeding $75,000. Defendants' state-court petitions contain only broad allusions to the damages suffered—they do not identify any particular injuries. For example, Defendants Brent Powers and William Magin assert that they "suffered loss of affection, care, companionship, and services[.]" (ECF No. 9-2 at 13). Several others merely assert that they were "injured." (ECF No. 9-3). Confoundingly, BNSF does not provide any additional detail in its Amended Complaint. The Court has no way of gleaning the severity of each defendant's injuries or a plausible amount in controversy based on Defendants' pleadings or BNSF's Amended Complaint.[2]

There are thirty defendants in this case, each with their own claims against BNSF. The underlying state-law matters involve negligence, wrongful death, and loss of consortium. Two of the defendants were not involved in the accident that forms the basis of this entire case. Yet BNSF simply asserts that "upon information and belief, the amount in controversy exceeds $75,000." (ECF No. 9 at ¶ 19). Without more, it is unclear whether a fact finder could determine that each defendant suffered damages exceeding $75,000.

BNSF has not met its burden of proving all jurisdictional facts. *See McNutt*, 298 U.S. at 189. "[T]he court may . . . insist that the jurisdictional facts be established or the case be dismissed[.]" *Id*. Thus, the Court will grant BNSF twenty-one (21) days to file an amended

---

[2] BNSF is also not saved by supplemental jurisdiction. While supplemental jurisdiction may extend to claims that are part of the same case or controversy, BNSF does not invoke supplemental jurisdiction in its Amended Complaint.

3

complaint that alleges establishing this Court's jurisdiction. Failure to do so will result in the dismissal of this action without prejudice for lack of subject-matter jurisdiction.[3]

Accordingly,

**IT IS HEREBY ORDERED** that by **August 7, 2023**, Plaintiff shall file an Amended Complaint that alleges facts establishing the Court's jurisdiction over this matter.

**IT IS FURTHER ORDERED** that if Plaintiff does not timely and fully comply with this Order, this matter will be dismissed without prejudice for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that the Motion for Leave to Appear Pro Hac Vice by John A. Bonventre is **GRANTED**. (ECF No. 97).

**IT IS FINALLY ORDERED** that all other pending motions in this matter are **DENIED** as moot. (ECF Nos. 41, 44, 46, 55, 77, 93, 94).

_(signed)_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of July, 2023.

---

[3] The Court understands that the parties are eager to dispose of this matter because it may impact the trajectory of the underlying state-court actions. The Court cannot, however, take up the substantive issues in this case unless and until it is satisfied that it has subject-matter jurisdiction. *See Crawford*, 267 F.3d at 764. Further, while the parties have already attempted to brief several substantive issues—including whether Amtrak is a governmental entity and whether governmental entities may require individuals to sign arbitration agreements before utilizing governmental services—the parties' pleadings are woefully lacking in precedent and clarity. Even if the Court could take up these issues at this juncture, it would insist upon further briefing by the parties. As to the parties' request for a hearing, the Court is unconvinced that they would be able to provide any information that could not have been presented in their briefings.