UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-CV-68 RLW |
| | ) | |
| PAULINE MAGIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff BNSF Railway Company's requests to construe all pending motions to dismiss as motions for summary judgment. (ECF Nos. 117, 128, 147, 148).[1] Defendants oppose BNSF's requests. (ECF Nos. 126, 127, 129, 133, 134, 152). For the reasons below, the Court will not construe Defendants' motions to dismiss as motions for summary judgment.

---

[1] BNSF appears to use the term "request" and "motion" interchangeably:
- ECF No. 117 – BNSF Railway Company's Request that Defendants' Motion to Dismiss Second Amended Complaint be Treated as a Motion for Summary Judgment (addressing the Motion to Dismiss by Defendants Pauline Magin, Angelika Salazar, and N.N., a minor by and through his Next Friend, Angelika Salazar at ECF No. 109).
- ECF No. 128 – BNSF Railway Company's Request that Defendants' Motion to Dismiss Second Amended Complaint be Treated as a Motion for Summary Judgment (addressing the Motions to Dismiss by Defendants Estevan Carreon, Jane Carreon, Allen Gallaway, Kimberly Howard, Tami Lakey, minor A.L., Noel Lucero, Sherri Schwanz and Shaun Phan, Vui Nguyen, minor A.P., Ngoc Pham, Dung Pham, Ngoan Pham, Vy Pham, Thanh Le, Thinh Mai, minors A.M. and A.M. at ECF Nos. 113 and 115).
- ECF No. 147 – BNSF Railway Company's Motion to Treat Defendant Ruth Sanborn's Motion to Dismiss as a Summary Judgment Motion (addressing the Motion to Dismiss by Ruth Sanborn at ECF No. 141).
- ECF No. 148 – BNSF Railway Company's Motion to Treat Defendant Laura Rojas's Motion to Dismiss as a Summary Judgment Motion (addressing the Motion to Dismiss by Laura Rojas at ECF No. 146).

## Background

On June 27, 2022, Defendants Kim Holsapple, Angelika Salazar, N.N., Rachelle Cook, Tiffany Powers, Pauline Magin, Binh Phan, Shaun Phan, A.P, Vui Nguyen, Ngoc Pham, Dung Pham, Ngoan Pham, Vy Pham, Thanh Le, Thinh Mai, A.M., A.M., Estevan Carreon, Jane Carreon, Tami Lakey, A.L, Allen Gallaway, Noel Lucero, Sherri Schwanz, Kimberly Howard, Ruth Sanborn, Laura Rojas, and Deborah Wynne were traveling as passengers on National Railroad Passenger Corporation ("Amtrak") Train 4, commonly known as the Southwest Chief. (ECF No. 102 at ¶ 55). The train was traveling from Los Angeles to Chicago when it struck a dump truck at U.S. Department of Transportation Crossing No. 005284Y near Mendon, Missouri. *Id.* at ¶ 56. The collision caused the train to derail. *Id.* Thereafter, several impacted passengers filed state-court actions alleging negligence and wrongful death against track owner BNSF Railway Company. As relevant here, those actions include: [2]

| Case Number | Plaintiffs | Defendants | Claims Against BNSF |
|---|---|---|---|
| 22CH-CC00021 | Pauline Magin‡, Nick Cook*, Tiffany Powers‡, and Brandon Beggs*, as heirs of deceased Rachelle Cook*‡<br><br>Pauline Magin‡, William Magin†, Brent Powers†, and Tiffany Powers‡, individually | BNSF Railway Company<br><br>MS Contracting, LLC<br><br>Mariano Rodriguez | Wrongful Death of Decedent Rachelle Cook (by Pauline Magin, Nick Cook, Tiffany Powers, and Brandon Beggs)<br><br>Negligence (by Tiffany Powers and Pauline Magin)<br><br>Loss of Spousal Consortium (by Brent Powers and William Magin) |

---

[2] All actions are currently pending in the Circuit Court of Chariton County, Missouri.

| 22CH-CC00022 | Shaun Phan‡ and Vui Nguyen‡, individually and as Class I Beneficiaries for Decedent Binh Phan*‡<br><br>Ngoc Pham; Dung Pham‡; Ngoan Pham‡; Vy Pham‡; Thinh Mai‡; Thanh Le‡; A.P.‡, by and through Shaun Phan‡; A.M.‡, by and through Thinh Mai‡; and A.M.‡, by and through Thinh Mai‡, individually<br><br>Song Phan*, Thi Phan*, and Bang Phan*, as Class I Beneficiaries of Decedent Binh Phan*‡<br><br>Shaun Phan‡, as Next Friend of A.P.‡<br><br>Thinh Mai‡, as Next Friend of A.M.‡ and A.M.‡ | BNSF Railway Company<br><br>MS Contracting, LLC<br><br>Tiffannie M. Kennedy, as Defendant Ad Litem for Decedent Billy Dean Barton II | Wrongful Death of Decedent Binh Phan (by Vui Nguyen, Shaun Phan, Song Phan, Thi Phan, and Bang Phan)<br><br>Negligence (by Vui Nguyen, Shaun Phan, Ngoc Pham, Andrea Phan, Dung Pham, Ngoan Pham, Thanh Le, Vy Pham, Thinh Mai, A.M., and A.M.) |
|---|---|---|---|
| 22CH-CC00024 | Daniel Holsapple* and David Towers*, individually and on behalf of all wrongful death beneficiaries of Kim Holsapple*, deceased<br><br>Angelika Salazar, individually and as Next Friend of N.N.‡<br><br>N.N.‡, by and through Angelika Salazar | BNSF Railway Company<br><br>MS Contracting, LLC<br><br>Billy Dean Barton II, deceased, by Defendant Ad Litem Wally Bley | Negligence |
| 22CH-CC00026 | Allen Gallaway‡, Noel Lucero, Sherri Schwanz, and Kimberly Howard | BNSF Railway Company<br><br>MS Contracting, LLC<br><br>Michael Sattman | Negligence |
| 22CH-CC00029 | Estevan Carreon, Jane Carreon‡, Tami Lakey, Matthew Campagna*, and A.L.‡, by and through Tami Lakey | BNSF Railway Company<br><br>MS Contracting, LLC<br><br>Michael Sattman | Negligence |
| 22CH-CC00038 | Ruth Sanborn‡ | BNSF Railway Company<br><br>MS Contracting, LLC<br><br>Michael Sattman | Negligence |

3

| 23CH-CC00004 | Laura Rojas‡ | BNSF Railway Company<br><br>MS Contracting, LLC<br><br>Billy Dean Barton II, deceased, by Defendant Ad Litem Joseph Hoffman | Negligence |
|---|---|---|---|
| 23CH-CC00014 | Deborah Wynne | BNSF Railway Company<br><br>MS Contracting, LLC<br><br>Michael Sattman | Negligence |

\* Not a defendant in this action
† Not a passenger
‡ Ticket purchased by another

(ECF No. 102 at ¶¶ 55, 67-120).³

BNSF filed this federal action on September 20, 2022. (ECF No. 1). Six days later, the Court entered an order directing BNSF to file an amended complaint alleging additional facts relating to the citizenship of all parties. (ECF No. 8). BNSF filed its First Amended Complaint on October 3, 2022. (ECF No. 9). After reviewing the parties' briefings on several motions to dismiss, the Court issued an Order Concerning Jurisdiction on July 17, 2023. (ECF No. 98). The Order directed Plaintiff to file another amended complaint further clarifying the Court's jurisdiction over this matter. *Id.* BNSF filed its Second Amended Complaint on August 18, 2023. (ECF No. 102).

It its Second Amended Complaint, BNSF asserts that Defendants' state-law claims are subject to a valid and binding arbitration agreement. (ECF No. 102 at ¶ 1). BNSF seeks an order

---

³ In addition to relying upon BNSF's Second Amended Complaint, the Court considered information from Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records.").

4

from this Court compelling arbitration of Defendants' claims under the Federal Arbitration Act, 9 U.S.C. § 4. *Id.* BNSF also asks this Court to enjoin Defendants from pursuing their state-court actions against BNSF pending arbitration. *Id.*

Defendants have filed six motions to dismiss:

| Docket No. | Defendant(s) | Asserted Grounds for Dismissal | Attachments |
|---|---|---|---|
| 109 | Pauline Magin, Angelika Salazar, and N.N., a Minor by and through his Next Friend, Angelika Salazar | - The arbitration agreement is unconstitutional<br>- Even if valid, the agreement does not apply to all defendants<br>- Even if valid, BNSF has waived arbitration<br>- Lack of subject-matter jurisdiction | - Several declarations and affidavits regarding passenger status and ticket purchase<br>- Email from BNSF's counsel to Defendants' counsel regarding arbitration |
| 111 | Tiffany Powers, Nick Cook, Pauline Magin and Brandon Beggs as wrongful death heirs of Rachelle Cook; and Tiffany Powers, Pauline Magin, William Magin, and Brent Powers individually | - The arbitration agreement is unconstitutional<br>- Even if valid, the agreement does not apply to all defendants<br>- Even if valid, BNSF has waived arbitration<br>- Lack of subject-matter jurisdiction | - Several declarations and affidavits regarding passenger status and ticket purchase<br>- Email from BNSF's counsel to Defendants' counsel regarding arbitration<br>- State-court order appointing steering committee<br>- State-court order denying motion to stay |
| 113 | Defendants Estevan Carreon, Jane Carreon, Allen Gallaway, Kimberly Howard, Noel Lucero, Sherri Schwanz, Tami Lakey, A.L., a minor by and through her Next Friend, Tami Lakey | - The arbitration agreement is unconstitutional<br>- Even if valid, the agreement does not apply to all defendants<br>- Even if valid, BNSF has waived arbitration<br>- Lack of subject-matter jurisdiction | None |

5

| | | | |
|---|---|---|---|
| 115 | Shaun Phan and Vui Nguyen, on behalf of wrongful death beneficiaries for the death of Binh Phan, deceased; Shaun Phan, individually and as Next Friend of A.P., a minor; A.P., a minor, by and through her Next Friend, Shaun Phan; Vui Nguyen; Ngoc Pham; Dung Pham; Ngoan Pham; Vy Pham; Thanh Le; Thinh Mai, individually and as Next Friend of A.M. and A.M., minors; A.M., a minor, by and through her Next Friend, Thinh Mai; and A.M., a minor, by and through her Next Friend, Thinh Mai | - The arbitration agreement is unconstitutional<br>- Even if valid, the agreement does not apply to all defendants<br>- Even if valid, BNSF has waived arbitration<br>- Lack of subject-matter jurisdiction | - Email from BNSF's counsel to Defendants' counsel regarding arbitration |
| 141 | Ruth Sanborn | - The arbitration agreement is unconstitutional<br>- Even if valid, the agreement does not apply to all defendants<br>- Even if valid, BNSF has waived arbitration<br>- Lack of subject-matter jurisdiction | None |
| 146 | Laura Rojas | - The arbitration agreement is unconstitutional<br>- Even if valid, the agreement does not apply to all defendants<br>- Even if valid, BNSF has waived arbitration<br>- Lack of subject-matter jurisdiction | - Affidavit of Laura Rojas regarding ticket purchase<br>- A copy of BNSF's First Interrogatories to Plaintiff Laura Rojas |

BNSF argues that the Court must construe Defendants' motions to dismiss as motions for summary judgment. The Court has stayed BNSF's obligation to respond to the motions to dismiss pending the Court's consideration of BNSF's conversion requests. (ECF No. 120).

## **Legal Standard**

Rule 12(d) of the Federal Rules of Civil Procedure states that if a motion under Rule 12(b)(6) or 12(c) presents matters outside the pleadings and the Court does not exclude those matters, the Court must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d). With some exceptions, the Eighth Circuit requires strict compliance with this rule. *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011) (citing *Country Club Ests., L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1005 (8th Cir. 2000)). If the movant and the Court rely on material outside the pleadings, the opposing party must be given the opportunity to rebut what has become a motion for summary judgment and all parties must be given notice of the conversion. *Id.* (cleaned up). The rule does not, however, prohibit consideration of outside material in motions to dismiss under 12(b)(1) for lack of subject-matter jurisdiction. *See Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018); *see also Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990).[4]

The Court should not automatically convert a motion under Rule 12(b)(6) into a motion for summary judgment simply because a party submitted additional information in support of or against the motion. *Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014) (citing *Casazza v. Kiser*, 313 F.3d 414, 417 (8th Cir.2002)). "Though matters outside the pleading may not be considered in deciding a Rule 12[(b)(6)] motion to dismiss, documents necessarily embraced by

---

[4] Defendants' motions contain challenges to the Court's subject-matter jurisdiction under Rule 12(b)(1). Rule 12(d) does not require the Court to convert those portions of Defendants' motions to dismiss into motions for summary judgment even if Defendants assert outside material and the Court relies upon that material. *Moss*, 895 F.3d at 1097.

the complaint are not matters outside the pleading." *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (citation omitted). Documents whose contents are alleged in the complaint and whose authenticity is unquestioned are necessarily embraced by the pleadings. *Id.* at 1151 (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir.2003)). These include "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned[.]" *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quoting *Miller v. Redwood Toxicology Lab'y, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012)). "[T]he contracts upon which [a] claim rests . . . are evidently embraced by the pleadings." *Gorog*, 760 F.3d at 791 (citing *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003)) (modification original).

## Discussion

It is unclear from BNSF's "requests" what material it believes triggers Rule 12(d)'s conversion requirement. In two of its four motions, BNSF simply refers to broad categories of material—exhibits, memoranda in support, and the motions themselves—without specifying why any specific document or piece of information constitutes "outside material." This alone warrants denial of those motions to convert. *See* Fed. R. Civ. P. 7 (A motion must "state with particularity the grounds for seeking the order[.]"); *see also* E.D.Mo. L.R. 4.01(A) ("Unless otherwise directed by the Court, the moving party must file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies.").

The Court will nevertheless address the merits of BNSF's requests. For this analysis, the Court will consider Defendants' motions to dismiss together as they are nearly identical and rely upon the same supporting material. After careful review, the Court concludes that nearly all of the

material at issue is either embraced by the Second Amended Complaint, subject to judicial notice, or ascertainable from the public record. To the extent Defendants rely upon any material that is truly outside the pleadings, the Court will disregard that material in its consideration of the dismissal motions.

The allegedly outside material at issue here can be split into two categories: (1) declarations relating to Defendants' passenger statuses and ticket purchases, and (2) information arising out of the underlying state-court actions. The Court will address each category in turn.

The information in Defendants' declarations is embraced by BNSF's Second Amended Complaint. (ECF No. 102). In Paragraph 62, BNSF quotes language from the Arbitration Agreement that embraces customers who purchase their own tickets and customers who receive tickets from others. *Id.* at ¶ 62. BNSF also details which defendants purchased their own tickets, which defendants did not, and which defendants actually boarded the train. *Id.* at ¶¶ 65-120. The declarations at issue merely reiterate that information, which is integral to BNSF's claim and is incorporated explicitly—or at the very least, by reference—in the Second Amended Complaint.

As for documents from the underlying state-court actions, those items are matters of public record and are subject to judicial notice. *See Levyl*, 477 F.3d at 991; *Stutzka*, 420 F.3d at 760 n.2. What is more, BNSF explicitly mentions the state-court actions by case number in its Second Amended Complaint. (ECF No. 102 at ¶ 52). The Court finds, however, that the email from BNSF's counsel relating to BNSF's willingness to forego arbitration under certain circumstances is not a matter of public record and is not subject to judicial notice. The Court will not consider that document in its analysis of Defendants' motions to dismiss.

As evident from the language of Rule 12(d) itself, the Court must convert a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment only where the movant presents

9

matters outside the pleadings *and* the Court does not exclude those matters. Fed. R. Civ. P. 12(d). If, in its consideration of Defendants' motions to dismiss, the Court determines that the motions rely upon matters outside of the pleadings, the Court will simply disregard those materials. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (finding that the district court properly treated the defendant's motion as one for dismissal without converting it into a motion for summary judgment where the district court did not rely upon the parties' affidavits in dismissing the plaintiff's claims); *see also Skyberg v. United Food & Com. Workers Int'l Union, AFL-CIO*, 5 F.3d 297, 302 n.2 (8th Cir. 1993) ("Although matters outside the pleadings were presented to the court, Morrell's motion to dismiss was not converted into a summary judgment motion . . . . A court has wide discretion in electing to consider matters outside the pleadings. We conclude the district court did not abuse its discretion in failing to do so here.").

## Conclusion

The Court will deny BNSF's requests to convert Defendants' motions to dismiss into motions for summary judgment. (ECF Nos. 117, 128, 147, 148). Nearly all of material at issue is either embraced by the Second Amended Complaint, subject to judicial notice, or ascertainable from the public record. To the extent Defendants rely upon material that is truly outside the pleadings in support their motions to dismiss, the Court will disregard those items.

Accordingly,

**IT IS HEREBY ORDERED** that BNSF Railway Company's Request that Defendants' Motion to Dismiss Second Amended Complaint be Treated as a Motion for Summary Judgment (ECF No. 117), Request that Defendants' Motion to Dismiss Second Amended Complaint be Treated as a Motion for Summary Judgment (ECF No. 128), Motion to Treat Defendant Ruth Sanborn's Motion to Dismiss as a Summary Judgment Motion (ECF No. 147), and Motion to Treat

Defendant Laura Rojas's Motion to Dismiss as a Summary Judgment Motion (ECF No. 148) are **DENIED**.

**IT IS FURTHER ORDERED** that because Defendants' motions to dismiss are largely identical, BNSF shall respond to the motions with a single memorandum not exceeding 40 pages no later than **January 3, 2024**.

**IT IS FINALLY ORDERED** that Defendants' Motion for Judicial Notice is **DENIED** as moot. (ECF No. 149).

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 4th day of December, 2023.