UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BNSF RAILWAY COMPANY             ) | |
| ) | |
| Plaintiff,             ) | |
| ) | |
| v.             ) | No. 2:22-CV-68 RLW |
| ) | |
| PAULINE MAGIN, et al.,             ) | |
| ) | |
| Defendants.             ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff BNSF Railway Company's Motion for Entry of Default Judgment Against Defendant Deborah Wynne.  (ECF No. 162).   No response has been filed to this motion.   For the following reasons, the Court will deny Plaintiff's motion without prejudice.

### Background

This matter arises out of an incident that occurred on June 27, 2022, involving a train collision which purportedly caused injury to numerous passengers on board.   The incident has led to litigation by and on behalf of these passengers in Missouri state court.   On September 20, 2022, Plaintiff filed this action under the Federal Arbitration Act, 9 U.S.C. § 4.  (ECF No. 1).   Plaintiff seeks an order from this Court compelling arbitration of Defendants' claims in accordance with the parties' arbitration agreement, staying the pending Missouri state court actions, and enjoining Defendants from pursuing the state court actions against Plaintiff while the parties arbitrate their claims.   (ECF No. 102).

On August 14, 2023, Plaintiff filed its Second Amended Complaint to Compel Arbitration, adding Deborah Wynne as a defendant to the action.   Plaintiff alleges that Defendant Wynne has filed a lawsuit in state court in which she seeks monetary damages for injuries she purportedly

sustained as a passenger during the collision.  (ECF No. 102).  On August 21, 2023, Plaintiff served Defendant Wynne.  (ECF No. 108).  Defendant Wynne failed to plead or otherwise defend this action, and on February 5, 2024, the Court issued an order directing Plaintiff to file a motion for entry of default by the Clerk of the Court under Federal Rule of Civil Procedure 55(a).  (ECF No. 161).  Plaintiff thereafter moved for entry of default by the Clerk of the Court.  Plaintiff also filed the instant motion for default judgment.  (ECF Nos. 162, 163).  On February 23, 2024, a Clerk's Entry of Default under Rule 55(a) was entered against Defendant Wynne.  (ECF No. 164).

On May 1, 2024, upon review of the parties' briefings on several motions to dismiss, the Court entered an order dismissing several defendants from the suit for lack of standing.  As to the remaining defendants, the Court found that Plaintiff had alleged sufficient factual matter, accepted as true, to state a claim to relief that was plausible on its face.  The Court clarified that it had made no determination regarding the validity or applicability of the arbitration agreement.  (ECF Nos. 166, 167).

## Discussion

Where the Clerk has entered default against a defendant, the party has "no further standing to contest the factual allegations of the plaintiff's claim for relief" and "is deemed to have admitted all well pleaded allegations in the complaint."  *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988) (cleaned up).  However, default judgements are not favored in the law, *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary, *see Taylor*, 859 F.2d at 1332.  "Even when a defendant is technically in default, a plaintiff is not entitled to default judgment as a matter of right."  *Edwards v. Dwyer*, No. 1:06-CV-1 CAS, 2008 WL 222514, at *1 (E.D. Mo. Jan. 25, 2008) (internal quotation and citation omitted).

"Where multiple defendants are similarly situated, even if the liability asserted against them is not joint, default judgment should not be entered against a defaulting defendant if the other defendants prevail on the merits."  *Id.* (cleaned up).  "This principle is designed to avoid inconsistent verdicts, as it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory that was rejected with regard to answering defendants in the same action."  *Id.* (citing *Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004)).

In view of the foregoing standards, the Court finds that Defendant Wynne is similarly situated to the remaining defendants.  The Court has not yet decided the validity or applicability of the arbitration agreement.  If Plaintiff's claims against the remaining defendants ultimately fail on the merits, it would be inconsistent for Plaintiff to prevail against Defendant Wynne.  Therefore, to avoid the possibility of inconsistent judgments, the Court finds that default judgment against Defendant Wynne is not appropriate at this time.  *See Ramshaw v. Ehret*, 4:20-CV-359-NAB, 2022 WL 13689212, at *1 (E.D. Mo. Oct. 21, 2022) (in multiple defendant lawsuit, default judgment should be avoided where entry of default would create inconsistent and unsupportable result; to avoid this result, other district courts within Eighth Circuit have declined to enter default judgment against defaulting defendant when answering defendant remained; collecting cases).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff BNSF Railway Company's Motion for Entry of Default Judgment Against Defendant Deborah Wynne (ECF No. 162) is **DENIED without prejudice**.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this    8th    day of May, 2024.