IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  2:22-CV-68 HEA |
| | ) | |
| PAULINE MAGIN, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  2:24-CV-41 HEA |
| | ) | |
| PIERSON BEAULIEU, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on two motions to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), which were filed in *BNSF Railway Company v. Magin, et al.*, 2:22-CV-68 HEA. (ECF Nos. 178 and 180).  Defendants Pauline Magin, Angelika Salazar, and N.N. and Defendants Tiffany Powers and Pauline Magin, individually and as the wrongful death beneficiaries of Rachelle Cook, filed two separate but nearly identical motions.  Plaintiff BNSF Railway Company

("BNSF") opposes the motions, which are briefed and ripe for review. For the reasons set forth below, the motions are denied.

## *Background*

The factual background of this case is set out in detail the Memoranda and Orders dated December 4, 2023, and May 1, 2024.[1] (ECF Nos. 156 and 166). In general, this case stems from a train derailment involving a National Railroad Passenger Corporation ("Amtrak") train that occurred on June 27, 2022, on BNSF's track near Mendon, Missouri. A number of passengers and heirs of deceased passengers filed suit against BNSF in state court alleging personal injury and wrongful death claims. BNSF contends these claims are subject to an arbitration agreement, and it seeks to compel arbitration.

In *BNSF Railway Company v. Magin et al*, BNSF brought suit in this Court against 32 state-court plaintiffs (hereinafter the "Defendants") from 8 different lawsuits seeking to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 4 ("FAA"). BNSF contends the Defendants' state-law claims are subject to a valid and enforceable arbitration agreement. More specifically, BNSF alleges when purchasing a train ticket from Amtrak on its website, mobile website, or app, purchasers must accept Amtrak's Terms and Conditions, which include an agreement

---

[1]The case was originally assigned to the Honorable Ronnie L. White. Judge White has since retired, and the case was assigned to the undersigned on June 7, 2024.

2

to arbitrate. BNSF further alleges that the Defendants' tickets were purchased through Amtrak's website, mobile website, or app and, therefore, claims arising from the derailment, including personal injury and wrongful death claims, are subject to arbitration. BNSF also contends that as a "host railroad to which Amtrak owes indemnity," it is entitled to enforce the Amtrak arbitration agreement against the Defendants. (ECF No. 102 at 16, ¶65).

In response to BNSF's Second Amended Complaint, the Defendants filed six separate motions to dismiss. In their motions, the Defendants argued (1) Amtrak is a governmental agency and its arbitration agreement is unconstitutional; (2) even if Amtrak's arbitration agreement is constitutional, it does not apply to all defendants; (3) BNSF has waived arbitration by participating in the state actions; and (4) subject-matter jurisdiction is lacking because BNSF has not met the amount in controversy requirement of diversity jurisdiction.

In a Memorandum and Order dated May 1, 2024, Judge White granted in part and denied in part the motions to dismiss.[2] (ECF No. 166). More specifically, he ruled that BNSF had adequately alleged that the individual defendants had entered into an arbitration agreement with Amtrak, and that BNSF, as the host railroad, may

---

[2]Judge White dismissed Defendants Brent Powers and William Magin because they had not purchased tickets or had tickets purchased on their behalf and, therefore, they were not bound by the terms of the Amtrak's arbitration agreement. (ECF No. 166 at 11). Judge White also dismissed Pauline Magin, in her capacity as representative for the wrongful death beneficiaries of Kim Holspapple, because Pauline Magin has not brought suit against BNSF on behalf of the wrongful death beneficiaries. (*Id.* at 12). In all other respects, the motions were denied.

3

enforce the agreement. Judge White also observed that the arbitration agreement at issue contains a delegation provision that expressly committed issues of validity and applicability to an arbitrator, and that Defendants had not specifically challenged the delegation provision. (Id. at 6-7). Treating the delegation provision as valid and enforceable for the sake of ruling on the Rule 12(b)(6) motions to dismiss, Judge White declined to determine whether was the arbitration agreement was valid and constitutional. The Court wrote:

> Having reviewed Defendants' motions to dismiss—and in light of the delegation provision within the Arbitration Agreement—the Court cannot conclude at this early stage that BNSF has failed to state a plausible claim to relief against those defendants that purchased their own train tickets or had tickets purchased on their behalf. That is, BNSF has alleged sufficient factual matter, accepted as true, to show that that these individuals entered into the Arbitration Agreement with Amtrak and that BNSF, as the host railroad, may enforce the Agreement.[3]

(*Id.* at 7).

In the alternative, Judge White wrote that "[e]ven if the Court ignores the delegation provision, Defendants' validity arguments lack sufficient support." (*Id.*) He found the Defendants' constitutional argument lacked sufficient support because they failed to establish that Amtrak is acting as a governmental entity when it sells

---

[3] The undersigned found Judge White's reasoning to be persuasive and applied it in ruling on motions to dismiss that were filed in *BNSF Railway Co. v. Beaulieu, et al.*, 2:24-CV-41 HEA, a case that was consolidated with *BNSF Railway Company v. Magin*, 2:22-CV-68. *See* ECF No. 217.

4

train tickets to passengers. He also found that Defendants failed to show that governmental entities are constitutionally prohibited from enforcing arbitration agreements under the facts alleged in the Complaint. Defendants seek to certify for interlocutory appeal two questions related to these rulings.

### *Legal Standard and Discussion*

Section 1292(b) allows a district court to certify an order not otherwise appealable for immediate appeal only where "it is of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Union Cnty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008). The three requirements are jurisdictional, and "the court cannot allow an interlocutory appeal unless each of them is met." *Lloyd's Acceptance Corp. v. Affiliated FM Ins. Co.*, 557 F. App'x 618, 619 (8th Cir. 2014) (citing *Union County, Iowa*, 525 F.3d at 645–46). Furthermore, district courts possess wide discretion on whether to certify an interlocutory order for immediate appeal. "Even if the requirements are satisfied, [the court] may deny appeal for any reason." *Id.* at 619.

Permission to allow interlocutory appeals should be granted "sparingly and with discrimination." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (citation omitted). The Eighth Circuit has explained that "[i]t has ... long been the policy of the courts to discourage piece-meal appeals because most often such appeals result

in additional burdens on both the court and the litigants." *Id.* In accordance with the policy of discouraging interlocutory appeals, § 1292(b) should be used in exceptional cases only, such as where a decision on appeal could avoid drawn-out and costly litigation. *Id.* The purpose of § 1292 is not merely to provide review of difficult rulings in hard cases. *Id.* The burden is on the movant "to demonstrate that the case is an *exceptional* one in which immediate appeal is warranted." *Id.* (emphasis added).

Although the motions to dismiss presented a number of difficult issues, the Court does not believe the circumstances of this case warrants an interlocutory appeal. The Court finds that an appeal of the ruling on the motions to dismiss will not materially advance this litigation, as the May 1, 2024 ruling was on the face of the pleadings, and it is likely that factual issues remain to be resolved in this case. The Court denies Defendants' motions for an interlocutory appeal.

Accordingly,

**IT IS HEREBY ORDRED** that Defendants Pauline Magin, N.N., and Angelika Salazar's Motion to Certify Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b) is **DENIED**. [ECF No. 178]

**IT IS FURTHER ORDERED** that the Motion of Defendants Tiffany Powers and Pauline Magin, individually and as the wrongful death beneficiaries of Rachelle

6

Cook, to Certify Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b) is **DENIED**.

[ECF No. 180]

Dated this 21ˢᵗ day of March, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE